**Lewis Allen WRIGHT, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–97–143–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 5, 1998.

Sheila R. Randolph, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Asst. & Chief of Appellate Div., Steven W. Conder and Andrea Rentie, Assistants, Fort Worth, for appellee.

Before CAYCE, C.J., and DAY and HOLMAN, JJ.

## OPINION

CAYCE, Chief Justice.

Lewis Allen Wright pleaded guilty to aggravated sexual assault of a child under the age of fourteen and was sentenced to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In two points, appellant contends the trial court erred in failing to admonish him prior to accepting his guilty plea in violation of article 26.13 of the Code of Criminal Procedure, and in failing to allow the child-victim to testify at the punishment hearing. We will affirm.

Because appellant does not challenge the sufficiency of the evidence, we will discuss the facts of this appeal only as applicable to each point raised.

A grand jury indicted appellant for aggravated sexual assault of a child under fourteen years of age. On October 29, 1996, appellant entered an open plea of guilty to the court and elected to have the court assess punishment. Prior to accepting appellant's plea, the court provided appellant with the following: (1) Written Plea Admonishments, (2) a Written Waiver of Defendant—Joined By Attorney, (3) a Judicial Confession, and (4) an Application for Community Supervision—all contained within one four-page document. The record reflects that appellant signed the written waiver, the confession, and the application, but he did not sign the written admonishments.

The written admonishments identified appellant as the defendant and stated, among other things:

TO THE DEFENDANT: Pursuant to Article 26.13 of the Texas Code of Criminal Procedure, you are hereby admonished, in writing as follows:

1. You are charged by indictment or information with the felony offense of agg sexl aslt—child under 14 offense code: 110132.

. . . .

5. The range of punishment for this offense is checked below:

[√] *FIRST DEGREE FELONY:* Life or any term of not more than 99 nor less than 5 years in the penitentiary, and in addition a fine of not more than $10,000 may be assessed.

The written waiver provided:

Comes now the Defendant, in open court, joined by my attorney, and states as follows:

1. I can read and write the English language, *have read and fully understand all the foregoing written plea admonishments* and have no questions. . . .

. . . .

3. *I am aware of the consequences of my plea, including the possible punishment.*

4. I am mentally competent and my plea is made knowingly, freely and voluntarily entered [sic]. [Emphasis supplied.]

An Attorney's Certificate executed by appellant's attorney provided as follows:

I have fully reviewed and explained to the Defendant the above and foregoing court admonishments, rights and waivers, and the following Judicial Confession, and I am fully satisfied the Defendant understands each, and is legally competent and has freely, intelligently, knowingly and voluntarily waived his/her rights, has judicially confessed his/her guilt, and will plead guilty, understanding the consequences thereof.

In his first point, appellant contends the trial court erred in failing to admonish him about punishment prior to accepting his guilty plea in violation of article 26.13 of the Texas Code of Criminal Procedure. Specifically, appellant contends his plea was involuntary because he did not sign the court's written admonishments.

Article 26.13 provides:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense. . . .

TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon 1989). The purpose of article 26.13 is to assure that the defendant who pleads guilty understands the charges against him and the consequences of his plea. *See Bas-*

*ham v. State,* 608 S.W.2d 677, 678 (Tex.Crim. App. [Panel Op.] 1980). In admonishing the defendant, "substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX.CODE CRIM. PROC. ANN. art. 26.13(c). The court may admonish the defendant either orally or in writing; however, "[i]f the court makes the admonitions in writing, it must receive a *statement* signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." *Id.* art. 26.13(d) (emphasis supplied).

█ In the instant case, we hold that the signed written waiver is a "statement" for purposes of article 26.13; it states that appellant understood the admonishments and was aware of the punishment consequences of his guilty plea. *See Gomez v. State,* 921 S.W.2d 329, 337 (Tex.App.—Corpus Christi 1996, no pet.); *Lindsey v. State,* 902 S.W.2d 9, 12 (Tex.App.—Corpus Christi 1995, no pet.). Therefore, we find that the trial court substantially complied with article 26.13. Appellant's first point is overruled.

In his second point, appellant contends the trial court erred in sustaining the State's objection to the victim's testimony on the type of punishment appellant should receive.[1] The argument that a witness may recommend a particular punishment to the trier of fact has been soundly rejected by the court of criminal appeals. *See Sattiewhite v. State,* 786 S.W.2d 271, 290 (Tex.Crim.App.1989), *cert. denied,* 498 U.S. 881, 111 S.Ct. 226, 112 L.Ed.2d 181 (1990); *see also Hughes v. State,* 787 S.W.2d 193, 196 (Tex.App.—Corpus Christi 1990, pet. ref'd). This has been extended by courts of appeals to recommendations by victims. *See Hughes,* 787 S.W.2d at 196; *Gross v. State,* 730 S.W.2d 104, 105–06 (Tex.App.—Texarkana 1987, no pet.).

█ In this case, the victim's opinion of the type of punishment appellant should receive was irrelevant to the court's evaluation of the facts and evidence of the case in assessing a proper punishment. *See Gross,*

730 S.W.2d at 106 (testimony of minor sex abuse victim held irrelevant to punishment). We find, therefore, that the trial court did not abuse its discretion in excluding the testimony. Appellant's second point is overruled.

The judgment of the trial court is affirmed.

---

1. In the presentence investigation report, the victim stated that she did not care if appellant received probation, as long as he was not allowed to contact her.