**Roland Gerard FRYER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–98–207–CR.**

Court of Appeals of Texas,
Fort Worth.

May 6, 1999.

Jackson & Hagen, H. F. Rick Hagen, Denton, for Appellant.

Bruce Isaacks, Crim. Dist. Atty., Pamela J. Moore, Jimmy Angelino, Roger Jones, Asst. Dist. Attys., Matthew Paul, State Pros. Atty., Denton, for Appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

In a single point, appellant Roland Gerard Fryer appeals his sentence for sexual assault. Appellant contends the trial court erred by considering the portion of his presentence investigation report (PSI) that included the victim's sentencing recommendation. Based on article 42.12, section 9 of the Texas Code of Criminal Procedure, which authorizes PSIs, we affirm.

## I. BACKGROUND

On June 11, 1993, the victim, Valerie Silva, and her sister, Stephanie Ashton, went to a local bar for drinks. Appellant worked at the bar, and was friends with Ashton. Ashton and Silva left the bar around midnight. Appellant called Ashton around 1:30 A.M., and she invited him over.

After appellant arrived, the group continued to drink until Silva went to sleep on the couch. Sometime afterwards, appellant and Silva had intercourse. Silva maintains that appellant sexually assaulted her. Conversely, appellant contends the encounter was consensual.

Appellant was prosecuted and convicted of sexual assault. He elected to have the trial court, rather than a jury, assess punishment. Prior to sentencing, appellant objected to the court's consideration of a portion of the PSI that contained the victim's recommendation as to whether appellant should receive probation. The court overruled the objection, and appellant was sentenced to eight years' confinement.

## II. DISCUSSION

The complained of portion of the PSI included the following:

> THIS OFFICER SPOKE WITH THE VICTIM IN THIS CASE. SHE IS OPPOSED TO THE DEFENDANT RECEIVING PROBATION AND FEELS THAT A PRISON TERM WOULD SERVE JUSTICE. SHE STATED, "HE NEEDS HELP OR HE MAY DO THIS AGAIN AND THAT WOULD BE VERY WRONG."

Based on appellant's argument and the authorities cited therein, his point "fairly includes" two questions—whether a PSI can contain the victim's sentencing recommendation, and if so, whether the court may review the information prior to sentencing. *See* TEX.R.APP. P. 38.1(e) (stating that a point will be treated as covering every subsidiary question that is fairly included).

Appellant offers no direct support for either of these issues. However, he directs our attention to Texas Code of Criminal Procedure article 42.12, section 9; article 56.03(e); and article 42.03, section 1(b). These articles are the statutory basis for a PSI, victim impact statement, and victim's post-sentencing testimony, respectively. Because each serves a distinct purpose in the post-adjudication process, each article specifies the time for introduction in relation to sentencing and lists examples of the type of information contemplated by each.

Appellant contends that the statement—the victim's recommendation that probation not be given—is most akin to the type of information contemplated in article 42.03 (victim's post-sentencing testimony). Article 42.03 allows a victim to give oral testimony after the conclusion of the punishment phase of the trial and *only after* sentencing has been announced. TEX.CODE CRIM. PROC. ANN. art. 42.03(1)(b) (Vernon Supp.1999). Appellant also directs our attention to the general proposi-

tion that a witness may not recommend punishment. *See Sattiewhite v. State,* 786 S.W.2d 271, 290–91 (Tex.Crim.App.1989), *cert. denied,* 498 U.S. 881, 111 S.Ct. 226, 112 L.Ed.2d 181 (1990). Accordingly, appellant argues that irrespective of the fact the information is contained in the PSI and even though article 56.03 allows a victim to make certain pre-sentencing statements, article 42.03 should control. As a result, he contends it was reversible error for the trial court to consider the victim's recommendation prior to sentencing.

Appellant's contention that we apply article 42.03 is founded on a default-type logic. First, appellant distinguishes article 56.03 (victim impact statement) and posits that, in this instance, the victim's sentencing recommendation fails to meet the requirements of an article 56.03 victim impact statement. Furthermore, appellant contends that neither the PSI nor the victim impact statement provisions mention a victim's sentencing recommendation; therefore, he reasons that a victim's sentencing recommendation can only have been contemplated by article 42.03 (victim's post-sentencing testimony). We disagree.

■ First, article 42.03 addresses a victim's testimony, and simply stated, the statement complained of is not testimony. More importantly though is the PSI provision itself. Article 42.12, section 9(a) provides that the PSI may contain any information on the circumstances of the offense, proper restitution, criminal and social history of the defendant, and *"any other information relating to the defendant or the offense."* Tex.Code Crim. Proc. Ann. art. 42.12, § 9(a) (emphasis added). While the provision lists several examples of possible content, on its face, article 42.12, section 9 does not purport to provide an exhaustive list of possible contents. *See id.* Therefore, we decline to accept appellant's invitation to limit a PSI's content to the enumerated items in article 42.12. Based on article 42.12, section 9(a)'s broad inclusive

language, it is the appropriate statutory provision to guide this appeal.

## III. APPLICATION

### A. Article 42.12 § 9

■ Having decided that article 42.12 guides our decision, we must determine whether under the facts of this case, the language of the statute permits a PSI to contain a victim's sentencing recommendation. Statutory interpretation requires that we seek to effectuate the collective intent or purpose of the legislators who enacted the legislation. *See Ex parte Ruthart,* 980 S.W.2d 469, 471 (Tex.Crim.App. 1998); *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). To that end, we must focus our attention on the statute's text and attempt to discern the fair, objective meaning of that text at the time of its enactment. *See Ex parte Ruthart,* 980 S.W.2d at 471. "Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute...." *Carranza v. State,* 980 S.W.2d 653, 659 (Tex. Crim.App.1998) (quoting *Boykin,* 818 S.W.2d at 782).

■ Article 42.12, section 9(a)'s language—"any other information relating to the defendant or the offense"—favors the inclusion of information rather than exclusion. Tex.Code Crim. Proc. Ann. art. 42.12, § 9(a). The clear import of the provision's language indicates that the legislature intended that a PSI contain a broad range of information for the trial court's consideration at sentencing. In this instance, the victim's recommendation as to whether *she believes* probation is appropriate is easily encompassed within "information relating to the defendant." Moreover, we find nothing in article 42.12, section 9 prohibiting a PSI from including such statements.

In addition, subsection (e) further supports our conclusion. Subsection (e) limits a defendant's objections to *factual* inaccuracies. *See id.* § 9(e). Put differently,

only the accuracy of the PSI's content and not the content itself may be challenged. The legislature's removal of all challenges, except factual inaccuracies, does not favor appellant's interpretation. Accordingly, under these facts, we construe article 42.12, section 9(a) to allow a victim's sentencing recommendation.

### B. Case Law

Finally, the *Sattiewhite* decision, cited by appellant, fails to support his conclusion. *Sattiewhite* is distinguishable on two grounds. First, the objected to recommendation was testimony offered at trial as opposed to statements contained in a PSI. Second, the testimony at issue was that of an expert witness. However, these distinctions have all but vanished in subsequent courts of appeals' opinions. *See e.g., Wright v. State*, 962 S.W.2d 661, 663 (Tex. App.—Fort Worth 1998, no pet.) (holding that the trial court's exclusion of a victim's recommendation of leniency, in a PSI, was not error); *Hughes v. State*, 787 S.W.2d 193, 196 (Tex.App.—Corpus Christi 1990, pet. ref'd) (expanding *Sattiewhite's* holding to a non-expert witness).

However, neither *Sattiewhite* nor its progeny created a prophylactic rule barring admission of a victim's sentencing recommendation. Rather, these decisions reviewed lower court's decisions excluding sentencing recommendations. In all cases, review was under an abuse of discretion standard pursuant to the rules of evidence. *See Ortiz v. State*, 834 S.W.2d 343, 348 (Tex.Crim.App.1992) (holding that admissibility of expert's sentencing recommendation properly analyzed under Texas Rules of Evidence); *Wright*, 962 S.W.2d at 663 (holding that admissibility of victim's sentencing recommendation properly analyzed under rules of evidence); *see also Gross v. State*, 730 S.W.2d 104, 105–06 (Tex.App.— Texarkana 1987, no pet.) (same).

In the only decision addressing a victim's recommendation in a PSI, this court in *Wright*, addressed whether the trial court erred in sustaining an objection to a victim's recommendation on punishment. We held the sentencing recommendation irrelevant, and thus, we held the trial court did not abuse its discretion *See Wright*, 962 S.W.2d at 663.

■ In this instance, the trial court exercised its discretion by allowing and reviewing the victim's sentencing recommendation in the PSI. Unlike the appellant in *Wright*, here, appellant failed to establish that the victim's recommendation was irrelevant or otherwise inadmissible under the rules of evidence. Thus, to the extent *Wright* provides an abuse of discretion review for a victim's recommendation in a PSI, in this instance, we find no abuse of discretion.

■ Moreover, even if we assumed that these decisions, guided by the rules of evidence, absolutely barred a witness's testimony recommending punishment, such a bar should not apply to the contents of a PSI. The code of criminal procedure's express statutory provision for the PSI governs over the rules of evidence. *See* TEX.R. EVID. 101(c); *DuBose v. State*, 977 S.W.2d 877, 881 (Tex.App.—Beaumont 1998, no pet.). Consequently, we overrule that portion of appellant's point challenging the PSI's content.

■ The second question appellant arguably raises is whether a trial court may review a victim's sentencing recommendation in a PSI prior to sentencing. Because we have determined that the statement was properly within the PSI, it could be considered prior to sentencing. A PSI may be utilized by the trial judge in the exercise of his discretion whenever proper punishment is the issue. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim.App.1984); *DuBose*, 977 S.W.2d at 880. Thus, the trial judge is specifically authorized by statute to consider the contents of the PSI. *See Brown v. State*, 478 S.W.2d 550, 551 (Tex.Crim.App.1972); *Nicolopulos v. State*, 838 S.W.2d 327, 328 (Tex.App.—Texarkana 1992, no pet.). Moreover, a court may inspect a PSI *prior*

to sentencing, so long as, the accused has pleaded guilty, nolo contendere, or been convicted of the offense. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9(c)(1). Here, appellant had been convicted of the offense; therefore, the court was authorized to review the recommendation prior to sentencing. We overrule the remaining portion of appellant's point.

### IV. CONCLUSION

Because article 42.12, section 9(a) does not prohibit a PSI from containing the victim's recommendation of punishment, and a trial court is statutorily authorized to consider the contents of the PSI prior to sentencing, we hold that the trial court did not err by considering the PSI prior to sentencing. We affirm the trial court's judgment.