NUMBER 13-02-625-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

MARIO RODRIGUEZ,
                                                                                                     Appellant,

v.
 
THE STATE OF TEXAS, 
                                                                                                     Appellee.
                                                                                                                                      

On appeal from the 377th District Court of Victoria County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Garza
 
Appellant, Mario Rodriguez, appeals from his conviction for the offense of
aggravated sexual assault. We affirm. 
Appellant waived his right to a jury trial and pled guilty to an indictment alleging
aggravated sexual assault. The trial court sentenced appellant to thirty years imprisonment
and a fine of $1,000. Appellant filed a motion for new trial, which was denied, and a notice
of appeal within thirty days of sentencing. The trial court certified that the case is not a
plea-bargain case and the defendant has the right to appeal. Tex. R. App. P. 25.2(a). 
On March 25, 2003, appellant’s attorney filed a brief with this court asserting that
there was no basis for appeal. See Anders v. California, 386 U.S. 738, 744 (1967). 
Counsel certifies that he has reviewed the record and concluded that appellant lacks any
meritorious grounds to challenge the sentence of the trial court and that any appeal from
the trial court’s decision would be wholly frivolous. See id. Counsel also requested
permission to withdraw from representation of appellant. This Court, in an order dated May
20, 2003, abated the appeal to permit appellant’s counsel to notify appellant of his right to
review the record and his right to file a pro se brief, if desired. See McMahon v. State, 529
S.W.2d 771, 772 (Tex. Crim. App. 1975). On May 22, 2003, appellant’s counsel notified
appellant as requested. Over thirty days have passed and no pro se brief has been filed
with this Court. Because this Court has only received counsel’s “frivolous appeal” brief and
has no brief from appellant, we must independently conduct a full examination of the
record to determine whether the case is indeed frivolous. Penson v. Ohio, 488 U.S. 75,
80 (1988); Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App. – Corpus Christi 2003, no pet.).
Counsel for appellant raised, as is required, any issue that may arguably support
appellant’s appeal. Anders, 386 U.S. at 744; Williams v. State, 976 S.W.2d 871, 872 (Tex.
App. – Corpus Christi 1998, no pet.). The only possible issue for appeal noted by counsel
in his brief is whether the trial court erred in admitting the testimony of two witnesses, the
victim’s mother and former counselor, during the hearing to determine punishment. Both
witnesses were asked by the State whether the proper punishment for appellant was
probation or imprisonment. Appellant objected to the question only when it was asked of
the victim’s former counselor. Both witnesses answered that probation would not be
adequate and imprisonment was proper. 
Under Texas law, a witness may not recommend a particular punishment to the jury. 
Tex. R. Evid. 701; Sattiewhite v. State, 786 S.W.2d 271, 290 (Tex. Crim. App. 1989);
Hughes v. State, 787 S.W.2d 193, 196 (Tex. App.–Corpus Christi 1990, pet. ref’d). This
rule was developed in response to the belief that such testimony would only tend to
confuse the jury. Sattiewhite, 786 S.W.2d at 291. Only if the trial court allows testimony
recommending a specific punishment, the appellate court reviews the trial court’s decision
for error under an abuse of discretion standard pursuant to the rules of evidence. 
Montgomery v. State, 810 S.W.2d 372, 390-91 (Tex. Crim. App. 1990) (op. on reh’g); Fryer
v. State, 993 S.W.2d 385, 389 (Tex. App. – Fort Worth 1999), aff’d, 68 S.W.3d 628 (Tex.
Crim. App. 2002). The appellate court must give great deference to the trial court’s
decision to admit or exclude testimony and must uphold the trial court’s decision so long
as it was not acting arbitrarily or capriciously. Montgomery, 810 S.W.2d at 391. 
We note that this testimony was elicited at a punishment hearing before a judge,
after appellant had already pled guilty. Thus, the reasoning that underlies the rule against
witness testimony recommending punishment, i.e., jury confusion, is not a factor here. 
Appellant failed to object at trial to the testimony from the victim’s mother regarding
punishment, thereby waiving any potential complaint on appeal. Tex. R. App. P. 33.1(a);
Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). An objection was made to
similar testimony from the victim’s former counselor, which served to preserve the issue
for appeal. However, upon reviewing the entire record, we find that the impact of any error
was mitigated by the cross-examination of this witness. The counselor during cross-examination admitted that she felt no sex offender should ever be considered for probation
under any circumstances, thus indicating to the trial court that her opinion on punishment
was entirely unrelated to the facts of the case. 
Because this erroneous admission of witness testimony occurred at the punishment
phase, before a judge, rather than a jury, we defer to the ability of the trial court to
appropriately weigh and consider such testimony. As the statement was followed by
effective cross-examination, we also find that it was not necessarily determinative to the
ultimate decision reached by the judge. After reviewing the remainder of the record
ourselves, in accordance with Penson, 488 U.S. at 80, we are unable to identify any
additional grounds for appeal. We therefore conclude that appellant’s appeal in this case
is wholly frivolous and we AFFIRM the judgment of the trial court. 
 
                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
 
Do not publish.
Tex.R.App.P. 47.2(b)
Opinion delivered and filed 
this the 8th day of April, 2004.