NUMBER 13-00-00566-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

RICARDO MORENO FLORES
A/K/A RICARDO FLORES,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 92nd District Court of Hidalgo County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          A jury found appellant, Ricardo Moreno Flores a/k/a Ricardo Flores, guilty of the
offense of aggravated sexual assault


 and assessed his punishment at forty years
imprisonment. The jury also found appellant guilty of the offense of indecency with a child



and assessed his punishment for that offense at thirty years imprisonment. The trial court
signed separate judgments of conviction and ordered that both sentences run concurrently. 
The trial court has certified that this case “is not a plea-bargain case, and the defendant
has the right to appeal.” See Tex. R. App. P. 25.2(a)(2).
          By eight points of error, appellant contends: (1) the trial court abused its discretion
in admitting extraneous offenses into evidence; (2) the trial court erred in denying his
request for a mistrial; (3) the trial court erred during the punishment phase by allowing the
State to argue that he lied when he pleaded “not true;” (4) he received ineffective
assistance of counsel; (5) the trial court erred by granting the State’s requested jury
charge; (6) appellant’s fifth amendment rights were violated when he was compelled to
provide fingerprint samples during trial; (7) the trial court erred in allowing a punishment
recommendation from a witness; and (8) appellant’s conviction constitutes a violation of
the double jeopardy clause. We modify the trial court’s judgment and, as modified, affirm. 
See Tex. R. App. P. 43.1(b).
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. See Tex. R. App. P. 47.4.
A. Admission of Extraneous Offenses
          By his first point of error, appellant contends the trial court abused its discretion in
allowing the State to present evidence of extraneous offenses during the guilt/innocence
phase of the trial to impeach his hearsay statement.
          We review a trial court’s decision to admit evidence under an abuse-of-discretion
standard. Allen v. State, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003). A trial court must
be given wide latitude to admit or exclude evidence as it sees fit. Theus v. State, 845
S.W.2d 874, 881 (Tex. Crim. App. 1992). As long as the trial court’s ruling was within the
zone of reasonable disagreement, an appellate court may not disturb it. Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).
          Rule 806 of the Texas Rules of Evidence provides, in relevant part: “When a
hearsay statement, . . . has been admitted in evidence, the credibility of the declarant may
be attacked, and if attacked may be supported by any evidence which would be admissible
for those purposes if declarant had testified as a witness.” Tex. R. Evid. 806. As admitted,
the hearsay evidence stands testimonially as the equivalent of a statement made on the
stand and is therefore subject to impeachment and rehabilitation. Bee v. State, 974
S.W.2d 184, 190 (Tex. App.–San Antonio 1998, no pet.); see also Appling v. State, 904
S.W.2d 912, 916-17 (Tex. App.–Corpus Christi 1995, pet. ref’d). The intent of rule 806 is
to permit impeachment and rehabilitation by any means that could be used if the declarant
were a witness. Bee, 974 S.W.2d at 190. When an accused opens the door regarding the
accused’s own credibility, the State may impeach it just as if the accused had testified as
a witness. See Appling, 904 S.W.2d at 916.
          During the recross-examination of Officer Olga Maldonado, appellant’s counsel
elicited, without objection, appellant’s out-of-court statement that he was not responsible
for what he was being accused. By eliciting this statement during his cross-examination
of a State’s witness, appellant opened the door to the issue of his credibility. After this
statement was elicited, the State moved to impeach appellant’s credibility pursuant to rule
806. The court heard argument outside the presence of the jury regarding the admission
of three of appellant’s prior convictions for the purpose of impeachment. After considering
the question of admissibility and whether the prejudicial effect of admitting the evidence
outweighed its probative value, see Tex. R. Evid. 609(a), the trial court allowed the
introduction of two of three prior convictions.
          We conclude the trial court’s admission of appellant’s extraneous offenses was
proper under rule 806, and not an abuse of discretion. Appellant’s first point of error is
overruled. 
B. Denial of Mistrial
          By his second point of error, appellant contends the trial court erred in denying his
request for a mistrial when the prosecutor asked him if he lived in an area known as a
crack house. 
          A mistrial is a device used to halt trial proceedings when “error is so prejudicial that
expenditure of further time and expense would be wasteful and futile . . . , when an
impartial verdict cannot be reached.” Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App.
1999). The determination of whether a given error necessitates a mistrial must be made
by examining the particular facts of the case. Id. An improper question will seldom call for
a mistrial, because, in most cases, any harm can be cured by an instruction to disregard. 
Id. A mistrial is required only when the improper question is clearly prejudicial to the
defendant and is of such character as to suggest the impossibility of withdrawing the
impression produced on the minds of jurors. Id. A trial court’s denial of a mistrial is
reviewed under an abuse-of-discretion standard. Id. 
          In this case, the prosecutor asked appellant if the area in which he lived was known
as a crack house. Appellant’s counsel objected on the ground of relevance, and the trial
court sustained the objection. Counsel then asked the court to instruct the jury to disregard
the question. The trial court granted the request and instructed the jury to disregard the
prosecutor’s question. Trial counsel moved for a mistrial because the question had a
prejudicial effect, and the trial court denied the motion.
          We conclude there was no harm. The trial court instructed the jury to disregard the
prosecutor’s question, thus curing any error. Further, the question did not suggest the
impossibility of withdrawing the prejudicial impression produced on the minds of the jurors. 
See id. Appellant’s second point of error is overruled.
C. Improper Jury Argument
          By his third point of error, appellant contends the trial court erred in allowing the
prosecutor to argue that by pleading “not true” to the enhancement allegations in the 
indictment, he lied. Specifically, appellant complains of the following comments made by
the prosecutor during closing argument in the punishment phase of trial:
Prosecutor:              You heard officer Castro testify that he had
fingerprinted the defendant, compared them to each of
the pen packets. Same defendant. You heard the
defendant yesterday plead not true to the allegations in
the indictment. Well, guess what.
 
Defense Counsel:   I’m going to object, your Honor. That’s just a matter of
procedure. I’m going to object to her –
 
The Court:               The objection is – for the record, it’s overruled, Mr.
Reyes. She wasn’t completely through whatever she
was going to say.
 
Prosecutor:              He pled not true. Remember this exhibit? Remember
we introduced this into evidence at the guilt/innocence
phase? You were able to take back – this back with
you to deliberate in the guilt/innocence phase, and the
defendant pleads not true. Remember I asked him on
the stand if he had been convicted of these offenses. 
Even his own attorney asked him, and he said, yes, he
pled guilty because he was guilty. And then yesterday
he pleads not true. Once again, what does that say
about him? He’ll do and say anything to get out of
it. . . .
 
          To preserve error committed during jury argument, a contemporaneous objection
must be made and an adverse ruling obtained. Cooks v. State, 844 S.W.2d 697, 727 (Tex.
Crim. App. 1992); see Tex. R. App. P. 33.1(a). A contemporaneous objection must occur
each time the objectionable jury argument is made in order to preserve error. Cockrell v.
State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); Barnes v. State, 70 S.W.3d 294, 307
(Tex. App.–Fort Worth 2002, pet. ref’d). 
          Here, appellant objected before the prosecutor’s alleged improper argument. Since
the objection was untimely, the trial court overruled appellant’s objection. The prosecutor
continued with his argument, which included the alleged improper statement, without any
further objection from appellant. Because appellant failed to object after the complained-of
argument was made, he waived any complaint on appeal. See Tex. R. App. P. 33.1(a). 
Appellant’s third point of error is overruled.
D. Ineffective Assistance of Counsel
          By his fourth point of error, appellant argues, in the alternative, that his trial counsel
was ineffective because counsel failed to timely object to the prosecutor’s argument.
          Our review of counsel's performance must be highly deferential. Strickland v.
Washington, 466 U.S. 668, 689 (1984). A defendant seeking relief must demonstrate: (1)
that counsel's performance failed to constitute reasonably effective assistance by falling
below an objective standard of reasonableness under the prevailing professional norms;
and (2) that there is a reasonable probability that, but for counsel's deficient performance,
the result of the proceeding would have been different. Id. at 694; Bone v. State, 77
S.W.3d 828, 832 (Tex. Crim. App. 2002).
          We begin our analysis with a rebuttable presumption that counsel is better
positioned than the appellate court to judge the pragmatism of the particular case and that
counsel made all significant decisions in the exercise of reasonable professional judgment. 
Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). The presumption may be
rebutted by evidence of counsel's reasoning or lack thereof. Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994).
          The record presented on appeal is insufficient to support appellant’s ineffectiveness
claim because it fails to establish trial counsel’s reasoning for not objecting to the
complained-of argument. See Freeman v. State, 125 S.W.3d 505, 506-07 (Tex. Crim.
App. 2003). In the absence of evidence of counsel’s reasons for the challenged conduct,
the appellate court will assume a strategic motivation and will not conclude that the conduct
was deficient unless the conduct was so outrageous that no competent attorney would
have engaged in it. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001);
Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); see also Aldrich v. State,
104 S.W.3d 890, 896 (Tex. Crim. App. 2003) (“Appellate courts can rarely decide the issue
of unreasonable performance because the appellate record rarely speaks to the strategic
reasons that counsel may have considered. . . . The proper procedure for raising such a
claim is almost always habeas corpus.”). Appellant’s fourth point of error is overruled.
E. Jury Charge
          By his fifth point of error, appellant contends the trial court erred in charging the jury
that “[t]he mere interposition of a layer of fabric between a person’s hand and the genitals
of another does not prevent the occurrence of sexual contact.” 
          The function of the jury charge is to instruct the jury on the law applicable to the
case. Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2004). As such, the charge
must contain an accurate description of the law. Ex parte Varelas, 45 S.W.3d 627, 633
(Tex. Crim. App. 2001). When we review alleged charge error, we determine: (1) whether
error actually exists in the charge; and (2) whether any resulting harm requires reversal. 
Castaneda v. State, 28 S.W.3d 685, 694 (Tex. App.–Corpus Christi 2000, no pet.); see
Mann v. State, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998). 
          At the time of the alleged offense, December 5, 1998, sexual contact was defined
as “any touching of the anus, breast, or any part of the genitals of another person with
intent to arouse or gratify the sexual desire of any person.” Act of May 24, 1973, 63d Leg.,
R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 885, 915 (amended 2001) (current version at Tex.
Pen. Code Ann. § 21.01(2) (Vernon 2003)).


 However, case law in existence at the time
allowed the State to prove sexual contact by touching through clothing. See Resnick v.
State, 574 S.W.2d 558, 559-60 (Tex. Crim. App. 1978) (holding that mere interposition of
layer of fabric between person's hand and genitals of another did not prevent occurrence
of sexual contact because touching will still engender sense of feeling perceived by person
touched); Cruz v. State, 742 S.W.2d 545, 548 n.2 (Tex. App.–Austin 1988, no pet.)
(holding that fact there was no evidence of flesh-to-flesh contact did not prevent finding
that evidence was sufficient to support conviction of indecency with child); Guia v. State,
723 S.W.2d 763, 766 (Tex. App.–Dallas, 1986, pet. ref’d) (holding that if a layer of fabric
does not prevent the occurrence of sexual contact for public lewdness as found in Resnick,
it does not prevent the occurrence of sexual contact for the offense of indecency with a
child).
          The trial court has broad discretion in submitting proper definitions and explanatory
phrases to the jury. Breckenridge v. State, 40 S.W.2d 118, 122 (Tex. App.–San Antonio
2000, pet. ref’d); Macias v. State, 959 S.W.2d 332, 336 (Tex. App.–Houston [14th Dist.]
1997, pet. ref’d). In the present case, the trial court instructed the jury on the statutory
definition of sexual contact and case law interpreting that provision with respect to the
particular facts of this case.
          Because the complained-of phrase was an accurate description of the law in
existence at the time of the offense, we conclude the trial court did not abuse its discretion
by including it in the jury charge. Appellant’s fifth point of error is overruled.
F. Fingerprint Samples
          By his sixth point of error, appellant contends the trial court violated his
constitutional right not to provide evidence against himself when it compelled him to
provide fingerprint samples, over his objection. The State asserts appellant waived this
issue by failing to properly preserve it in the trial court.
          The record shows that appellant initially objected to providing fingerprint samples,
but the trial court overruled his objection. However, when the fingerprints were ultimately
used to admit the pen packets into evidence, appellant failed to object.
          In order to preserve error for appeal, not only must a party make timely and specific
objections at trial, the party must object each time the inadmissible evidence is offered. 
Tex. R. App. P. 33.1(a); Valle v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). 
Without proper preservation, even constitutional error may be waived. Tex. R. App. P.
33.1(a); Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000); Luna v. State, 70
S.W.3d 354, 359 (Tex. App.–Corpus Christi 2002, pet. ref’d). Accordingly, we hold
appellant has failed to preserve this issue for our review, and it is waived. Appellant’s sixth
point of error is overruled. 
G. Punishment Recommendation
          By his seventh point of error, appellant contends the trial court erred in allowing the
State to ask the mother of the victim for a punishment recommendation. Specifically, he
complains of the following question and answer:
Prosecutor:              Ms. Castillo, what is sufficient punishment for you in this
case?
 
Witness:                  The punishment he receives is – my daughter will never
forget this, and I don’t want other children to go through
what I’m going through and my daughter is going
through. He deserves punishment. 
 
          Under Texas law, a witness may not recommend a particular punishment to the jury.
Tex. R. Evid. 701; Sattiewhite v. State, 786 S.W.2d 271, 290 (Tex. Crim. App. 1989);
Hughes v. State, 787 S.W.2d 193, 196 (Tex. App.–Corpus Christi 1990, pet. ref'd). This
rule was developed in response to the belief that such testimony would only tend to
confuse the jury. Sattiewhite, 786 S.W.2d at 291. The appellate court must give great
deference to the trial court's decision to admit or exclude testimony and must uphold the
trial court's decision so long as it was not acting arbitrarily or capriciously. Montgomery,
810 S.W.2d at 391. Only if the trial court allows testimony recommending a specific
punishment will the appellate court review the trial court’s decision. Id. at 390-91; Fryer v.
State, 993 S.W.2d 385, 389 (Tex. App.–Fort Worth 1999), aff'd, 68 S.W.3d 628 (Tex. Crim.
App. 2002). The trial court’s decision will be reviewed under an abuse-of-discretion
standard pursuant to the rules of evidence. Montgomery, 810 S.W.2d at 390-91; Fryer,
993 S.W.2d at 389. 
          The record shows the witness merely stated she felt appellant should be punished;
she did not recommend that a specific punishment should be imposed. Because the
witness did not recommend a specific punishment, we hold the trial court did not abuse its
discretion in allowing the testimony. Appellant’s seventh point of error is overruled.
H. Double Jeopardy
          By his eighth point of error, appellant contends the trial court erred in failing to
require the State to make an election as to which offense it wished to proceed with at trial. 
Specifically, appellant asserts his convictions for aggravated sexual assault and indecency
with a child violate the double jeopardy clause of the Fifth Amendment because the two
convictions arose from the same sexual contact on the victim.
          Appellant failed to make a timely request, objection, or motion before the trial court
on the issue of double jeopardy. See Tex. R. App. P. 33.1. Although an appellant has the
burden to preserve a double jeopardy objection at or before the time the charge is
submitted to the jury, a double jeopardy claim can be raised for the first time on appeal
when: (1) the undisputed facts show the double jeopardy violation is clearly apparent on
the face of the record, and (2) enforcement of usual rules of procedural default serves no
legitimate state interests. Gonzalez v. State, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000).
An appellant meets this test when the charged crimes are heard in front of the same judge
and jury and arise out of the same criminal transaction because the trial court is charged
with constructive knowledge of the double jeopardy claim. Beltran v. State, 30 S.W.3d
532, 533 (Tex. App.–San Antonio 2000, no pet.). 
          A violation of the double jeopardy clause occurs when the evidence establishes that
the defendant committed only one offense but is convicted of both indecency with a child
and aggravated sexual assault. Ochoa v. State, 982 S.W.2d 904, 908 (Tex. Crim. App.
1998). However, evidence of separate and distinct acts, even if committed in close
temporal proximity, may lawfully give rise to the two convictions. Hutchins v. State, 992
S.W.2d 629, 633 (Tex. App.–Austin 1999, pet. ref’d). For example, in Hutchins, the court
held that evidence the defendant touched the victim’s genitals with his fingers and
penetrated the victim’s genitals with his penis established separate and distinct acts that
would support multiple convictions. Id. at 633. 
          In this case, appellant was convicted of two offenses: (1) aggravated sexual assault
by causing the penetration of the female sexual organ of a child younger than fourteen
years of age, and (2) indecency with a child by touching the genitals of a child younger
than seventeen years of age with the intent to arouse and gratify the sexual desire of
appellant. However, the evidence only indicates a single touching. The victim indicated
appellant touched her between her legs with his hand. She also testified that he touched
her with a stick, but indicated that this touching was to the lower portion of her neck. We
conclude that a double jeopardy violation is clearly apparent on the face of the record.
          When a defendant is convicted of two offenses in violation of the double jeopardy
guarantee, the proper remedy is to set aside the conviction for the offense carrying the less
serious punishment. See Ochoa, 982 S.W.2d at 908; Landers v. State, 957 S.W.2d 558,
560 (Tex. Crim. App. 1997).
          Accordingly, we vacate the trial court’s judgment of conviction and sentence for the
offense of indecency with a child and render judgment that appellant be acquitted of that
charge. We affirm the trial court’s judgment of conviction and sentence for the offense of
aggravated sexual assault.
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Opinion delivered and filed this the
12th day of August, 2004.