**Affirmed and Memorandum Opinion filed April 25, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00350-CR

---

**DAMON HEATH SAENZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 09CR3635**

---

## M E M O R A N D U M   O P I N I O N

Appellant Damon Heath Saenz appeals his conviction for aggravated sexual assault of a child, asserting that the trial court erred in overruling his objection to allegedly improper victim-impact testimony. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with the offense of aggravated sexual assault of a child, his daughter, by engaging in conduct that was alleged to have

occurred when she was between the ages of seven and twelve or thirteen years old. Appellant pleaded "guilty" to the charged offense and was placed on ten years' deferred adjudication on July 9, 2010. The next year, on July 15, 2011, the State filed a motion to adjudicate guilt, seeking to revoke appellant's community supervision.

At a hearing on the State's motion, the State presented evidence that appellant had violated terms and conditions of his deferred adjudication, which the trial court found to be true. The trial court adjudicated appellant's guilt of the charged offense and revoked his probation. In the punishment phase, the State called the child-complainant to testify about how, when she was between the ages of seven and thirteen, appellant drugged her with adult cough syrup so that she would fall asleep, then he would rape her and make her shower and wash the bed linens the following morning to destroy any evidence of his conduct. The child expressed anger toward appellant and explained that although he had a "second chance" when he was given deferred adjudication with community supervision for the charged offense, she continued to feel threatened by her father. The following exchange occurred at the end of the complainant's testimony on direct examination:

[Prosecutor]: What would you like to see the Judge do here today?

Appellant asserted an objection on relevance grounds; the trial court allowed the complainant to answer the question.

[Witness]: I would like for him to send him to prison for a long time.

After considering the evidence and arguments on punishment, the trial court sentenced appellant to forty-five years' confinement.

On appeal, in a single appellate issue, appellant asserts that the

complainant's testimony, expressing her desires as to the length of his punishment, was improper victim-impact testimony and that the trial court erred in overruling his objection to the State's question.

## ANALYSIS

As a threshold matter, we note that the "relevance" objection appellant voiced at trial is not exactly the same as the "improper victim-impact testimony" complaint he now raises on appeal. *See* Tex. R. App. P. 33.1(a) (providing that to preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (noting that an appellate contention must comport with the specific objection made at trial). But, presuming for the sake of argument that appellant preserved his complaint for appellate review, we cannot conclude that the error, if any, warrants reversal.

During punishment, evidence may be offered on matters the trial court deems relevant to sentencing. *See* Tex. Code Crime. Proc. Ann. art. 37.07, § 3(a)(1) (West 2011). Relevant evidence in the punishment phase is helpful to the factfinder in determining the appropriate sentence for a particular defendant in light of the facts of the case. *Hayden v. State*, 296 S.W.3d 549, 552 (Tex. Crim. App. 2009). A punishment recommendation from a non-victim, such as an expert or a victim's family members is inadmissible. *See Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003) (providing that the wishes of a victim's family members as to a defendant's fate are beyond the parameters of victim-impact evidence). *See also Taylor v. State*, 109 S.W.3d 443, 454 (Tex. Crim. App. 2003) (suggesting difference between a victim's punishment recommendation from a non-victim's in a harm analysis of error resulting from the trial court's mistaken hypothetical as to punishment in voir dire). Some intermediate appellate courts

3

have extended that rule to opinions of non-experts regarding punishment, including victims. *See Johnson v. State*, 987 S.W.2d 79, 87 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd); *Wright v. State*, 962 S.W.2d 661, 663 (Tex. App.—Fort Worth 1998, no pet.) (providing that victim's opinion on type of punishment the defendant should receive was irrelevant in assessing a proper punishment); *Hughes v. State*, 787 S.W.2d 193, 196 (Tex. App.—Corpus Christi 1990, pet. ref'd) (providing that victim's testimony on an appropriate sentence was not relevant); *Gross v. State*, 730 S.W.2d 104, 105–06 (Tex. App.—Texarkana 1987, no pet.) (providing that a victim's testimony on punishment had little value when the witness was in no better a position to form an opinion than the jury). But, a victim's punishment recommendation may be different because the victim arguably was in a position to give an opinion based rationally upon observations of the crime itself and is the one who suffered from the crime. *See Taylor*, 109 S.W.3d at 454; *see also Fryer v. State*, 68 S.W.3d 628, 630–31 (Tex. Crim. App. 2002) (considering victim's punishment recommendation that was contained in pre-sentencing investigation report). We presume, without deciding, that the trial court erred in admitting the complainant's testimony about her desire to see appellant confined for a long time and consider whether this presumed error was harmful. *See Lindsay v. State*, 102 S.W.3d 223, 228 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (analyzing harm for error in admitting improper victim-impact testimony relating to an extraneous offense).

Erroneously admitted victim-impact testimony is non-constitutional error. *Id.* In assessing harm resulting from the trial court's error, we examine the record as a whole and determine whether the error violated appellant's substantial rights and whether appellant's punishment was affected by the judgment. *See* Tex. R. App. P. 44.2.(b); *Reese v. State*, 33 S.W.3d 238, 243 (Tex. Crim. App. 2000)

4

(applying harm analysis to admission of improper victim-impact photographic evidence at punishment); *Lindsay*, 102 S.W.3d at 228. A substantial right is affected when the error had a substantial and injurious effect on a factfinder's verdict or decision on punishment. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); *Lindsay*, 102 S.W.3d at 228. We may not reverse if, after examining the record, we are fairly assured that the error did not influence the decision or had but a slight effect on it. *See* Tex. R. App. P. 44.2.(b); *Reese*, 33 S.W.3d at 243.

The record reflects the child-complainant's testimony describing appellant's sexual abuse of her that occurred on a continued basis for five or six years. The complainant offered a detailed account of appellant's conduct, to which he had pleaded "guilty." The complainant expressed her anger toward her father for his conduct and expressed disdain that he had received a "second chance" when he received deferred adjudication. The complainant's comment on her desires for appellant's punishment was brief and comprised only one sentence. In light of the facts of the case, the trial judge assessing punishment likely would not have been surprised that the child-complainant desired the imposition of a lengthy punishment, something the factfinder may have assumed without the disputed testimony. *See Simpson*, 119 S.W.3d at 274 (considering admission of improper victim-impact testimony as harmless when the jury could understand that a victim's family would not be objective about punishment). Appellant testified and called the child-complainant a liar, claiming that he engaged in only masturbation and oral sex with his daughter, but not sexual intercourse. The State, in its closing statements, sought a sentence of confinement "for a very long period of time," echoing the child-complainant's sentiments, but it does not appear as if the State unduly emphasized the child's wishes for appellant's punishment in making its

request for a life sentence. *See Hoffman v. State*, 874 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd) (holding that one "hint" during argument is insufficient to show the State emphasized the error). Moreover, the trial judge did not assess the maximum punishment sought by the State.

The record contains the following remarks by the trial court:

Okay. First of all, [Defense Counsel], you are right. The Defendant got a second chance by getting a deferred probation July, 2010; and that's a huge second chance. That's one of those giant halftime second chances. But it did not appear to go well after that second chance. And that's because I know that I had to admonish him and then add in an administrative hearing March 28th[,] 2011 because he was not doing his [sexual] offender therapy.

And there were some allegations or issues concerning the use of [illicit] drugs; and, of course, there was community service done at that time. But instead of a motion being filed to adjudicate and revoke his probation, he got that third chance at the administrative hearing. But it does not appear to have gone well because after hearing evidence concerning new offenses, I found that the allegations in [the State's motion for adjudication] to be true, that he violated the laws of the State of Texas by possession of a controlled substance in both of those cases. And that's in spite of me telling the Defendant if you have a drug problem, talk to me about [it,] let's do something to fix it. And that does not [mean] getting more drugs. Add to that he has a continuing [issue] of not doing community service. I really want someone who gets a second and certainly a third chance not to just do okay on probation but to be a really absolute good citizen.

In terms of punishment, it appears that the Defendant does not agree with the testimony of his own daughter. Unfortunately, he almost seemed to make it sound okay to masturbate in front of his daughter and perform oral sex on his daughter. And that did not make me any happier.

So it is the order of this Court that the Defendant, his probation is revoked and sentenced to 45 years['] confinement in the Institutional Division of the Texas Department of Criminal Justice.

Tellingly, based on these remarks, appellant's own testimony at the

punishment phase likely had the most controlling impact on his punishment sentence. At no point did the trial judge indicate that he had given any weight to the complainant's stated desire in assessing appellant's punishment.

After examining the record as a whole, we cannot conclude that any erroneous admission of the child-complainant's stated desires for appellant to be imprisoned for a long time, as presumed improper victim-impact testimony, had a substantial and injurious effect on the trial court's decision in punishment. *See Lindsay*, 102 S.W.3d at 229. Accordingly, we conclude that even if the trial court erred in admitting this testimony, the error does not warrant reversal. *See id.* We overrule appellant's sole issue on appeal.

The trial court's judgment is affirmed.


/s/    Kem Thompson Frost
        Justice


Panel consists of Justices Frost, Brown, and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).