**Affirmed and Opinion Filed June 27, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00243-CR

**UNDRA DEWAYNE BROWN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1576713-P**

## MEMORANDUM OPINION
Before Justices Bridges, Myers, and Schenck
Opinion by Justice Bridges

Undra Dewayne Brown appeals his sexual assault of a child conviction. Appellant entered an open plea of guilty and, following a punishment hearing before the court, the trial court sentenced appellant to thirty years' confinement. In a single issue, appellant argues he received ineffective assistance of counsel. We affirm the trial court's judgment.

In January 2016, appellant was indicted on a charge of sexual assault of A.S., a child younger than seventeen years of age. According to an affidavit for arrest warrant, appellant was forty-two and A.S. was fourteen at the time of the offense. A.S. became pregnant as a result of the assault, and the baby looked so much like appellant that A.S. admitted she had sex with appellant in January 2015. In an interview, appellant admitted having sex with A.S. five times.

On January 27, 2017, appellant entered an open plea of guilty and a plea of true to an enhancement allegation. The trial court conducted a punishment hearing at which A.S. testified at length regarding appellant's sexual assaults committed against her, resulting in her having a child. When the trial judge asked A.S. what should happen to appellant, A.S. responded that she did not know, but she felt "that a child shouldn't grow up without a father." When asked if appellant should "go to jail," A.S. answered, "I don't know."

A.S.'s mother, Yolanda, was also asked by the prosecutor what she would "like to see happen in this case." Yolanda answered, "He can go to jail as far as I'm concerned. I don't want him to have any dealings with my baby [A.S.] or my grandbaby, just being honest." Appellant's counsel did not object to this questioning or Yolanda's response. At the conclusion of testimony, the trial court sentenced appellant to thirty years' confinement. This appeal followed.

In a single issue, appellant argues he received ineffective assistance of counsel. Specifically, he complains his counsel was ineffective in failing to object to Yolanda's testimony of her opinion as to the appropriate sentence in this case.

To successfully assert an ineffective assistance of counsel challenge, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced him; that is, but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different. *Rylander v. State*, 101 S.W.3d 107, 109-10 (Tex. Crim. App. 2003). An ineffective assistance of counsel claim must be "firmly founded in the record," and the record must "affirmatively demonstrate" the claim has merit. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). We commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

The court of criminal appeals has made clear that, in most cases, a silent record will not overcome the strong presumption of reasonable assistance. *See Rylander*, 101 S.W.3d at 110. Further, counsel should ordinarily be accorded the opportunity to explain her actions before being denounced as ineffective. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). If trial counsel is not given that opportunity, then an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.*

Under article 37.07, section 3(a), of the code of criminal procedure, at the punishment phase of trial "evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing." *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (West Supp. 2017). Appellant correctly asserts that several courts of appeals have held that a victim's testimony regarding the appropriate punishment is inadmissible. *See Wright v. State*, 962 S.W.2d 661, 663 (Tex. App.—Fort Worth 1998, no pet.) (testimony not relevant to jury's determination); *Hughes v. State*, 787 S.W.2d 193, 196 (Tex. App.—Corpus Christi 1990, pet. ref'd) (same); *Gross v. State*, 730 S.W.2d 104, 105-06 (Tex. App.—Texarkana 1987, no pet.) (testimony was beyond scope of lay opinion testimony). However, a panel of this Court has held that the testimony of a victim's husband that appellant should "get the maximum" was admissible because the testimony was not "an appeal to sympathy or prejudice, but rather . . . a reasoned and rational fact-based suggestion as to what an appropriate sentence would be." *Narro v. State*, No. 05-98-01263-CR, 2000 WL 1030508, at *2 (Tex. App.—Dallas July 27, 2000, no pet.). Under this rationale, the testimony of A.S.'s mother at a punishment hearing before the trial court that appellant "can go to jail" would be admissible as a fact-based suggestion as to what an appropriate sentence would be, taking into consideration the appropriateness of appellant having any further "dealings" with A.S. or her child. *See id.* Further, this testimony could be relevant to the trial court's determination of whether

placing appellant on deferred adjudication was in the best interest of A.S. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.102(a) (West Supp. 2017). Under these circumstances, we cannot conclude trial counsel's decision not to object to the testimony of A.S.'s mother was "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 593.

Further, we cannot conclude that, but for counsel's failure to object to the testimony of A.S.'s mother, there is a reasonable probability that the result of the proceeding would have been different. *Rylander*, 101 S.W.3d at 109-10. The testimony at the punishment hearing showed appellant was forty-two and A.S. was fourteen at the time appellant sexually assaulted her and A.S. became pregnant as a result. Even if appellant's counsel had objected to the testimony of A.S.'s mother that appellant should go to jail there is no reasonable probability that appellant would have been placed on deferred adjudication. *See id.* We overrule appellant's single issue.

We affirm the trial court's judgment.

/David L. Bridges/

DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

170243F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

UNDRA DEWAYNE BROWN, Appellant

No. 05-17-00243-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1576713-P.
Opinion delivered by Justice Bridges.
Justices Myers and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 27, 2018.