Michael BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–93–144–CR.

Court of Appeals of Texas, Austin.

April 13, 1994.

John C. Kuhn, Kuhn, Doyle & Kuhn, P.C., Austin, for appellant.

Ronald Earle, Dist. Atty., Lisa Dotin Stewart, Asst. Dist. Atty., Austin, for appellee.

Before CARROLL, C.J., and KIDD and B.A. SMITH, JJ.

PER CURIAM.

The district court found appellant guilty of impersonating a peace officer and assessed punishment at imprisonment for five years and a $500 fine. Tex.Penal Code Ann. § 37.11 (West 1989). The court suspended imposition of sentence and placed appellant on probation.

At approximately 2:00 a.m. on May 29, 1992, Lisa Wright was returning home from an automobile trip when a pickup truck occupied by two men stopped behind her at a traffic light in Austin. Appellant, who was driving the truck, began to flash his headlights. As Wright drove on after the traffic light turned green, appellant pulled up beside her. Appellant and his companion showed Wright large badges, claimed they were police officers, and demanded that she stop her car, saying, "Bitch, get out of your car." Wright realized that the men were not policemen and refused to comply with their demands. The men pursued Wright across town. Wright began to speed and run red lights in hopes of attracting the attention of a real policeman. Finally, she reached a friend's residence, where she called the police and gave them appellant's license number.

At the punishment hearing, Wright testified that since this incident, she has difficulty sleeping and experiences nightmares, is afraid to travel, and is frightened when other cars approach her in traffic. Wright also testified that she wanted the court to assess jail time and for appellant to promise never again to do such a thing. Appellant objected to this testimony on the ground that, under the terms of article 42.03 of the Code of Criminal Procedure, such "victim impact" evidence may be presented only after punishment is assessed and sentence is pronounced. Tex.Code Crim.Proc.Ann. art. 42.03, § 1(b) (West Supp.1994).[1] Appellant repeats this contention on appeal.

The procedures to be followed at the punishment stage of trial and the evidence that may be considered in determining punishment are the subject of article 37.07 of the

---

1. Section 1 of article 42.03 reads:
 (a) Except as provided in Article 32.14, sentence shall be pronounced in the defendant's presence.
 (b) The court shall permit a victim, close relative of a deceased victim, or guardian of a victim, as defined by Article 56.01 of this code, to appear in person to present to the court a statement of the person's views about the offense, the defendant, and the effect of the offense on the victim. The court reporter may not transcribe the statement. The statement must be made:
 (1) after punishment has been assessed and the court has determined whether or not to grant community supervision in the case;
 (2) after the court has announced the terms and conditions of the sentence; and
 (3) after sentence is pronounced.
 Section 1(b) was added to the statute effective June 5, 1991. See Act of May 24, 1991, 72d Leg., R.S., ch. 278, § 1, 1991 Tex.Gen.Laws 1186.

Code of Criminal Procedure. Tex.Code Crim.Proc.Ann. art. 37.07 (West 1981 & Supp.1994). Since September 1, 1989, that statute has authorized the admission of evidence as to any matter the court deems relevant to sentencing. *Id.* § 3(a) (West Supp.1994).[2] Even before the 1989 amendment, the Court of Criminal Appeals declared that under article 37.07, section 3, the circumstances of the offense are relevant to sentencing and may be considered by the trier of fact in determining the punishment to be assessed. *Murphy v. State,* 777 S.W.2d 44, 63 (Tex.Crim.App.1989) (opinion on motion for rehearing). One circumstance of the offense that may be considered is the degree of injury to the victim, so long as the fact finder may rationally attribute moral culpability to the accused for that injury. *Stavinoha v. State,* 808 S.W.2d 76, 78–9 (Tex.Crim.App.1991) (aggravated sexual assault; testimony regarding psychological trauma suffered by child victim and its physical manifestations properly admitted); *Miller–El v. State,* 782 S.W.2d 892, 896 (Tex.Crim.App. 1990) (attempted capital murder; testimony regarding victim's medical prognosis properly admitted).

If the legislature disapproved of the opinions in *Stavinoha* and *Miller–El,* the obvious remedy would have been to amend article 37.07, section 3, to prohibit the consideration of victim impact evidence in assessing punishment. Instead, the legislature did the opposite, amending article 37.07, section 3, in 1993 to expressly authorize the admission of evidence regarding the circumstances of the offense.[3] We must assume the legislature knew when it did so that the circumstances of the offense had been held to include the impact of the crime on the victim. *See Moore v. State,* 868 S.W.2d 787, 790 (Tex. Crim.App.1993). Although the 1993 amendment to article 37.07 became effective after appellant's trial, we consider it an indication of the legislature's approval of the holdings in *Stavinoha* and *Miller–El.*

We find nothing in the text of article 42.03, section 1(b), to suggest that it was intended to prohibit the consideration of victim impact evidence in assessing punishment. Article 42.03 is concerned with the procedures to be followed in pronouncing sentence. The statute does not purport to govern the conduct of the punishment stage of a criminal trial, and in particular does not speak to the evidence that may be considered by the court or jury in determining the appropriate punishment. The bill analysis prepared for House Bill 520, which became article 42.03, section 1(b), states that the purpose of the bill was to allow a victim to appear and present to the court a statement of his or her views of the offense. There is no mention in the analysis of the opinions in *Murphy, Stavinoha,* or *Miller–El,* and no indication that the bill was intended to limit the admission of victim impact evidence.

■ We hold that article 42.03, section 1(b), does not prohibit the introduction of victim impact evidence at the punishment stage of trial. A court may admit as a circumstance of the offense evidence of the victim's physical or emotional injury, so long as the fact finder may rationally attribute moral culpability to the accused for that injury.[4]

Appellant argues that he cannot be held morally culpable for Wright's trauma because it resulted from her fear of what might have happened rather than from anything appellant actually did. We disagree. Wright's fear was the understandable and fully predictable result of appellant's actions. The district court could rationally hold appellant morally accountable for the psychologi-

---

2. *See* Act of May 19, 1989, 71st Leg., R.S., ch. 785, § 4.04, 1989 Tex.Gen.Laws 3471, 3492. In this cause, the district court stated that it found the challenged testimony to be relevant to sentencing.

3. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 5.05, 1993 Tex.Gen.Laws 3586, 3759.

4. Appellant assumes that Wright's testimony that she wanted appellant to receive jail time was victim impact testimony, and we accept that assumption for the purpose of this opinion. We note that any error in admitting this testimony was harmless beyond a reasonable doubt because the sentence for a third-degree felony must include a term of incarceration. Tex.Penal Code Ann. § 12.34 (West Supp.1994).

cal trauma to Wright resulting from his actions. The point of error is overruled.

The judgment of conviction is affirmed.