herrera 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00500-CR







Jesse Herrera, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0943125, HONORABLE MIKE LYNCH, JUDGE PRESIDING








 On Christmas Day, 1993, appellant Jesse Herrera shot his wife, Teresa Herrera,
twice at point blank range as she stood in the street holding her grandson's (1) hand. At trial he
admitted to the killing but asserted it was voluntary manslaughter. The jury found him guilty of
murder, Act of May 28, 1973, 63rd Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen. Laws 1122,
1123 (Tex. Penal Code Ann. § 19.02, since amended), and assessed his punishment at 45 years'
confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant
appeals from the trial court's judgment, alleging two errors during the punishment phase of trial: 
first, that victim impact evidence should not have been admitted, and second, that the State made
an improper plea for law enforcement. We will affirm the trial court's judgment.

 One week before Christmas, Mrs. Herrera and her eight-year-old grandson Israel
left home to stay with her sister, Cynthia Rios. This was an unexpected departure and Mr.
Herrera spoke with her every day that week trying to persuade her to come home. On Christmas,
Mrs. Herrera went home for a couple of hours but returned to her sister's house. Later that
evening, Mr. Herrera drove over to speak with her. She agreed to talk with him in his truck, and
Israel accompanied them. Her sister had gone inside but came out in time to see Mrs. Herrera
and Israel get out of one side of the truck and Mr. Herrera the other. They went to the front of
the truck where Mr. Herrera pulled out a gun and shot Mrs. Herrera as Israel stood beside her. 
Mr. Herrera turned as if to leave but then turned back and shot Mrs. Herrera a second time. Ms.
Rios witnessed the entire incident.

 At trial, Mr. Herrera argued that he had been acting under the "immediate influence
of sudden passion" and was therefore guilty of voluntary manslaughter, not murder. Act of May
28, 1973, 63rd Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen. Laws 1122, 1124 (Tex. Penal
Code Ann. § 19.04, since amended and renumbered). The jury rejected this argument and found
Mr. Herrera guilty of murder. At the punishment phase, Ms. Rios testified to the effect of her
sister's death on herself and her family. Appellant objected to this victim impact evidence on the
grounds that it was not relevant as a circumstance of the offense. See Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(a) (West Supp. 1996). The trial judge overruled this objection with the
instruction that article 37.07 section 3 would be construed narrowly to allow only evidence of the
immediate effects upon people who witnessed the offense. Further, the testimony was to be
limited to those effects observed by the witness since the date of the offense; speculation as to
future adverse effects would not be permitted.

 Ms. Rios testified that she had been seeing a counselor as a result of witnessing her
sister's death, that living in the same house had been difficult, and that her job was in jeopardy
due to her inability to concentrate. Furthermore, Israel was currently living in her home which
required adjustments by her whole family. Ms. Rios was also questioned about the effects of Mrs.
Herrera's death on Israel. She described his fear of loud noises, his crying spells, problems at
school, weekly counseling, and his failure to talk about his grandmother's death. Israel did not
testify but a stipulation was entered that if he had testified, he would have said that he would try
to help appellant comply with the conditions of probation, if granted by the jury.

 Appellant's first point of error is that this victim impact evidence should not have
been admitted. He argues that testimony of this kind should only be allowed to show appellant's
moral culpability as to foreseeable consequences of his actions and that Ms. Rios' testimony went
beyond that. Appellant was unaware that Ms. Rios had come out of the house and would observe
the shooting, and he asserts that Mrs. Herrera and Ms. Rios did not have a close relationship so
it was not predictable that she would be so upset over her sister's death. Appellant further argues
that her problems at work could be caused by other unrelated issues. Therefore, her testimony
was prejudicial and improper.

 The use of victim impact evidence is governed by article 37.07 of the Texas Code
of Criminal Procedure, Brown v. State, 875 S.W.2d 38, 39 (Tex. App.--Austin 1994, no pet.),
which authorizes the admission of evidence "as to any matter the court deems relevant to
sentencing, including . . . the circumstances of the offense . . . . " Tex. Code Crim. Proc. Ann.
art 37.07, § 3(a) (West Supp. 1996). The question of admissibility should be left to the trial court
and will not be reversed absent an abuse of discretion; as long as the ruling is within the "zone
of reasonable disagreement" it will not be disturbed. Ford v. State, No. 71,760, slip op. at 13
(Tex. Crim. App. Feb. 21, 1996) (citing Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1991) (opinion on reh'g)).

 There is no indication that this victim impact evidence was improperly admitted. 
Ms. Rios testified to observable effects of Mrs. Herrera's death on herself and on Israel. The
Court of Criminal Appeals has held that such evidence as to the degree of injury or the effect of
the injury on a victim is admissible at sentencing as a circumstance of the offense. Miller-El v.
State, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990); see Brown, 875 S.W.2d at 40. The trial
judge specifically narrowed the type of victim impact evidence that would be allowed and we find
no abuse of discretion in his rulings.

 Appellant also argued both at trial and in his brief that the victim impact evidence
was inappropriate because the only victim here, Mrs. Herrera, is deceased. The trial judge,
however, read the Code of Criminal Procedure's use of "victim" as including Ms. Rios and Israel. 
Indeed, it has been noted that murder has foreseeable consequences, which include leaving other
victims behind; the choice to kill "relates to a whole human being and threatens an association of
others who may be distinctly hurt." Payne v. Tennessee, 501 U.S. 808, 838 (1991) (Souter, J.,
concurring). Israel and Ms. Rios both watched helplessly as Mr. Herrera killed Mrs. Herrera;
testimony to the effects of that trauma were properly admitted as victim impact evidence. We
overrule appellant's first point of error.

 Appellant's second point of error is that the State made an improper plea for law
enforcement in its closing argument. It is improper to demand a particular punishment on behalf
of the community or a segment of the community. Borjan v. State, 787 S.W.2d 53, 56 (Tex.
Crim. App. 1990). Appellant argues that the State improperly focused on the ill effects that
appellant's offense would have on Israel's life and pled for justice so that Israel would see Mr.
Herrera punished for what he did. It is further asserted that the prosecutor's contention that
"[Israel] will do fine if the proper verdict is reached here" was an inappropriate demand for a
particular punishment.

 There are four areas of proper jury argument: summary of the evidence,
reasonable deductions from the evidence, response to arguments of opposing counsel, and a plea
for law enforcement. Id. at 55. It is appropriate for the State to argue the potential impact of a
verdict on the community but it may not argue that the community demands a particular
punishment. Id. at 56. The law presumes arguments are proper, and an improper argument
constitutes reversible error only when in light of the record as a whole the argument was
manifestly improper, violated a mandatory statute, or injected new facts harmful to the accused
into the proceedings. Id. at 56-57.

 Both the State and appellant referred to Israel in their closing arguments. In asking
for a minimum sentence of 60 years, the State argued that Mr. Herrera had caused Israel a great
deal of trauma and should be punished accordingly. The focus on Israel's trauma due to seeing
Mrs. Herrera shot reflected evidence already admitted and was therefore proper argument.

 Appellant responded by arguing that Israel would be the victim of any punishment
more severe than probation. He recalled the stipulation that Israel would help Mr. Herrera
comply with the terms of probation and then implored the jurors, "Don't you know that's what
he wants? Don't you know he does not want you to put his daddy in the penitentiary?" Finally,
he requested that on "behalf of Israel . . . for Israel's sake and for justice's sake" a just
punishment of probation be imposed.

 Given appellant's arguments, the State's focus on Israel in its rebuttal was a
permissible response. Appellant claimed that Israel wanted his father to come home; the State
answered that claim by referring to Israel's inability to deal with his mother's death and the
importance of his learning that appellant's actions were wrong. We hold that these closing
arguments were proper and we overrule appellant's second point of error.

 We affirm the trial court's judgment.



 

 Bea Ann Smith, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: March 20, 1996

Do Not Publish

1.   Israel Herrera is Teresa and Jesse's grandson, but they were raising him as their
own child and he considered them his parents.


 v.
State, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990); see Brown, 875 S.W.2d at 40. The trial
judge specifically narrowed the type of victim impact evidence that would be allowed and we find
no abuse of discretion in his rulings.

 Appellant also argued both at trial and in his brief that the victim impact evidence
was inappropriate because the only victim here, Mrs. Herrera, is deceased. The trial judge,
however, read the Code of Criminal Procedure's use of "victim" as including Ms. Rios and Israel. 
Indeed, it has been noted that murder has foreseeable consequences, which include leaving other
victims behind; the choice to kill "relates to a whole human being and threatens an association of
others who may be distinctly hurt." Payne v. Tennessee, 501 U.S. 808, 838 (1991) (Souter, J.,
concurring). Israel and Ms. Rios both watched helplessly as Mr. Herrera killed Mrs. Herrera;
testimony to the effects of that trauma were properly admitted as victim impact evidence. We
overrule appellant's first point of error.

 Appellant's second point of error is that the State made an improper plea for law
enforcement in its closing argument. It is improper to demand a particular punishment on behalf
of the community or a segment of the community. Borjan v. State, 787 S.W.2d 53, 56 (Tex.
Crim. App. 1990). Appellant argues that the State improperly focused on the ill effects that
appellant's offense would have on Israel's life and pled for justice so that Israel would see Mr.
Herrera punished for what he did. It is further asserted that the prosecutor's contention that
"[Israel] will do fine if the proper verdict is reached here" was an inappropriate demand for a
particular punishment.

 There are four areas of proper jury argument: summary of the evidence,
reasonable deductions from the evidence, response to arguments of opposing counsel, and a plea
for law enforcement. Id. at 55. It is appropriate for the State to argue the potential impact of a
verdict on the community but it may not argue that the community demands a particular
punishment. Id. at 56. The law presumes arguments are proper, and an improper argument
constitutes reversible error only when in light of the record as a whole t