Affirmed and Memorandum Opinion filed August 10, 2006








Affirmed and Memorandum Opinion filed August 10, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-05-00420-CR;
14-05-00421-CR; 14-05-00422-CR; 14-05-00423-CR; 

14-05-00424-CR; 14-05-00425-CR;
14-05-00426-CR

____________

 

TROY ANTHONY REZA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 10th
District Court

Galveston County, Texas

Trial Court Cause Nos. 04CR2356;
04CR2357; 04CR2358;
04CR2359; 04CR3096; 04CR3097; 04CR3098

 



 

M E M O R A N D U M   O P I N I O N








Appellant pleaded guilty to seven separate offenses
consisting of three aggravated robberies, unlawful possession of a firearm by a
felon, criminal attempted felony escape, taking a weapon from a peace officer,
and assault on a public servant, with two prior enhancements.  At appellant=s election, his
punishment was tried to the court, and at the conclusion of the trial, the
court assessed punishment and sentenced appellant to sixty years= confinement in
the Texas Department of Criminal Justice, Institutional Division on each
count.  In one issue, appellant contends he received ineffective assistance of
counsel at the punishment trial.  For the reasons stated below, we affirm.

 

Factual
Background

On September 6, 2004, appellant committed three armed
robberies in succession.  First, at approximately 2:45 a.m., he robbed the
Galveston Econo Lodge desk clerk at gunpoint after inquiring about a room and
asking for change.  The clerk, Andres Castaneda, feared for his life during the
encounter.  When appellant told Castaneda to follow him as he moved toward the
back door, Castaneda thought he was going to be shot, and so as soon as
appellant went through one door, Castaneda locked the other door and called
police.

Then, at approximately 5:00 a.m., appellant went to the
Reef Resort, where he encountered the desk clerk, Gloria Gonzales.  As before,
he robbed Gonzales at gunpoint after asking for a room rate and some change. 
Appellant stuck the gun in Gonzales=s back as she was
getting appellant=s change, and when she turned around to
face him, he put the gun in her stomach.  Gonzales feared appellant was going
to kill her.  Appellant then grabbed the money and told Gonzales to close the
door and not come out.

Later that same day, appellant committed yet another armed
robbery, this time at a Walgreen=s Pharmacy.  Alex
Flores, who was working in the photo department, was getting change for
appellant when appellant pointed his gun at him.  After Flores helped appellant
get the money out of the register, appellant then cocked his gun, aimed it at
Flores=s head, and stated
that he would kill Flores because Flores had seen him.  Flores tried to
convince appellant to leave the store by telling him that he would not say
anything about the incident and the store=s cameras did not
work.  Appellant then put the gun back in his pocket and began to leave.  On
his way out, appellant joked with another employee, Edward Jaramillo, Jr., but
then took his gun out and cocked it and swung it around toward Jaramillo. 
Jaramillo implored appellant not to shoot him as he dropped to the floor in
fear for his life.  








Appellant was later arrested and placed in the county
jail.  On October 5, 2004, appellant was transported from the jail to the
Galveston County courthouse.  At one point, appellant was being escorted from a
courtroom to a holdover cell by Carlton Morgan, a Galveston County deputy sheriff
and criminal bailiff assigned to the 10th District Court of Galveston County. 
As Morgan was placing his key into the cell door and opening it, appellant
struck him in the face with a sharp object.  Morgan, bleeding from the wound,
hit appellant in the eye with his fist, and the two began fighting.  During the
struggle, appellant reached for Morgan=s gun, which came
out of its holster.  Although Morgan=s hand was on his
weapon the entire time, appellant was able to point it at him.  As appellant
and Morgan were fighting over the weapon, another prisoner that had been in the
holdover cell came running out, grabbed appellant, and pulled him away from
Morgan.  Morgan was then able to get his weapon away from appellant and put it
back in the holster.  Morgan continued fighting with appellant, who was
eventually subdued with the help of another deputy.

Appellant was indicted in Galveston County in seven
separate cases with the offenses of aggravated robbery, unlawful possession of
a firearm by a felon, criminal attempted felony escape, taking a weapon from a
peace officer, and assault on a public servant, with two prior convictions
alleged for enhancement in each case.  Appellant pleaded guilty without a plea
agreement and elected to have the court assess punishment.  

The punishment trial was held before the Honorable Frank
Carmona, a visiting judge, in the 10th District Court.  Following the
presentation of the State=s case, appellant testified on his own
behalf.  He stated that he accepted responsibility for his actions, and he read
a statement in which he apologized to Morgan and to the other victims. 
Appellant also identified a suicide note he had written on the day he assaulted
Morgan.  He testified that he intended to get a gun to kill himself and he had
no intention of killing Morgan.  On cross-examination, appellant admitted his
prior record and said that he was not in his Aright frame of
mind@ when he assaulted
Morgan.  Appellant=s father and common-law wife also
testified on appellant=s behalf.








Analysis
of Appellant=s Issue

In his sole issue, appellant contends he received
ineffective assistance of counsel because his attorney elicited testimony from
Carlton Morgan, the bailiff of the 10th District Court and one of the
complainants, concerning his recommendation for appellant=s punishment. 
Appellant points to the following exchange:

Q.      [W]hat do you think should happen to Mr.
Reza?

A.      [Officer Morgan:]  You know, the way I feel,
sir, he tried to take my life.

He don=t have a right to take my life.

I think he is wrong in his two left
shoes, and because he tried to take my life, I think a life sentence would be
a[n] excellent, excellent example for everybody in Galveston County to know we=re not going to
tolerate this kind of behavior.

Appellant
contends a victim=s punishment recommendation violates the
limitations upon opinion testimony recognized in Sattiewhite v. State,
786 S.W.2d 271 (Tex. Crim. App. 1989).[1] 
In Sattiewhite, the Court of Criminal Appeals held that the trial court
did not err in refusing to permit an expert witness to testify concerning the
punishment that should be assessed against the defendant.  Id. at 290B91.  The Court
explained that A[t]he argument that a witness may
recommend a particular punishment to the trier of fact has been soundly
rejected@ and concluded
that Asuch testimony
would escalate into a >battle of the experts.=@ Id. at 90
(citing Schulz v. State, 446 S.W.2d 872 (Tex. Crim. App. 1969)).








Assuming for purposes of appellant=s issue that a
complainant=s opinion testimony concerning punishment is
inadmissible,[2]
we turn to appellant=s claim that his counsel=s question to
Morgan constituted ineffective assistance of counsel.  Specifically, appellant
contends that his counsel should not have asked the officer for a punishment
recommendation, particularly when that officer was a deputy sheriff and the
bailiff in the same court that was assessing appellant=s punishment. 

To show that his trial counsel was ineffective, appellant
must meet a two‑prong test. Strickland v. Washington, 466 U.S.
668, 687 (1984); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim.
App. 1999).  First, appellant must show that his counsel=s performance was
deficient; second, appellant must show the deficient performance prejudiced the
defense. Strickland, 466 U.S. at 687; Hernandez, 988 S.W.2d at
770 n.3.  Appellant must overcome the strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance.  Strickland,
466 U.S. at 689.  To defeat this presumption, A>any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.=@  Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (quoting McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), overruled on other
grounds by Mosley v. State, 983 S.W.2d 249 (Tex. Crim. App. 1998)). 








The record reveals that counsel=s decision to ask
Morgan the complained-of question was not so deficient or so lacking in
tactical or strategic decision-making as to overcome the presumption that
counsel=s performance was
reasonable and professional.  See Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).  Counsel asked the question after posing a series of
questions attempting to lessen the degree of appellant=s culpability. 
More significantly, appellant=s father testified later in the trial that
he had known Morgan for twenty years, and had asked him to forgive appellant
for his actions.  According to appellant=s father, Morgan
told him that he had received a letter of apology from appellant and had
forgiven him.  Thus, appellant=s counsel, who was
likely aware of these facts at the start of the punishment trial, may have
believed that Morgan would provide favorable testimony in response to his
question. 

Moreover, appellant points to nothing in the record to
explain counsel=s reasons for his conduct.  Without a
specific explanation for counsel=s decisions, a
record on direct appeal will rarely contain sufficient information to evaluate
an ineffective-assistance claim.  See Bone, 77 S.W.3d at 833; Thompson,
9 S.W.3d at 813B14.  Therefore, based on the record before
us, appellant has not satisfied the first Strickland prong by showing
that counsel=s performance was deficient.  See Strickland,
466 U.S. at 687.

Even if we agreed
with appellant=s argument that the allegedly improper question cannot
be construed as trial strategyCand therefore we may find ineffective
assistance on a silent recordCappellant has failed to demonstrate the
second prong of StricklandCthat the alleged
deficiency sufficiently prejudiced his defense.  See id.  The State
argued that appellant should receive confinement for life as a habitual
offender.  See Tex. Pen. Code ' 12.42(d)
(providing that, upon conviction of a felony other than a state jail felony, a
defendant who has two prior felony convictions shall be punished by
imprisonment of between twenty‑five  to ninety‑nine years, or
life).  The trial court, however, apparently rejected both the State=s argument and
Morgan=s recommendation
of a life sentence, instead assessing appellant=s punishment at
sixty years= confinement.  








In reaching his decision, the trial judge explained that he
had considered the evidence and the arguments of counsel, and had personally
reviewed the exhibits.  The trial judge went on to examine appellant=s criminal history
in detail, and concluded that he was sentencing appellant to sixty years= confinement so
that if and when he is released, he Awill not be in a
position to harm anybody else or put anybody in danger o[f] being harmed or
killed.@  At no point did
the trial judge indicate he had given any weight to Morgan=s recommendation
of life imprisonment.  Therefore, even if counsel=s performance in
asking for a punishment recommendation from Morgan were deficient, appellant
cannot show that it prejudiced the trial court=s determination of
appellant=s punishment.

Conclusion

We overrule appellant=s issue and affirm
the judgment of the trial court.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 10, 2006.

Panel consists of
Justices Hudson, Fowler, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  Appellant also contends that his attorney elicited
the complainant=s punishment recommendation in violation of Texas Code
of Criminal Procedure 42.03, section 1(b), which provides a procedure for
victim impact statements, but requires that they be made after the court has
assessed punishment, announced the terms and conditions of the sentence, and
pronounced the sentence.  See Tex.
Code Crim. Proc. art. 42.03, '
1(b).  However, victim‑impact evidence or testimony generally may be
admissible at the punishment phase when that evidence has some bearing on the
defendant=s personal responsibility and moral culpability.  Haley
v. State, 173 S.W.3d 510, 517 (Tex. Crim. App. 2005); see also Brown
v. State, 875 S.W.2d 38, 40 (Tex. App.CAustin
1994, no pet.) (per curiam) (holding that article 42.03, section 1(b) does not
prohibit the introduction of victim impact evidence at the punishment stage of
trial).





[2]  Several courts of appeals, including this one, have
extended the Court=s holding in Sattiewhite to preclude non-expert
testimony concerning a punishment recommendation.  See, e.g., Johnson v.
State, 987 S.W.2d 79, 87 (Tex. App.CHouston
[14th Dist.] 1998, pet. ref=d); Wright
v. State, 962 S.W.2d 661, 663 (Tex. App.CFort
Worth 1998, no pet.); Hughes v. State, 787 S.W.2d 193 (Tex. App.CCorpus Christi 1990, pet. ref'd).  However, in the
more recent case of Fryer v. State, the Court of Criminal Appeals
rejected a similar challenge to a victim=s
recommendation, contained in a  pre-sentence investigation (APSI@) report, that
the defendant not receive probation.  Fryer v. State, 68 S.W.3d 628
(Tex. Crim. App. 2002).  The Fryer court explained that Sattiewhite did
not apply because it did not involve a PSI, but instead concerned the
application of Texas Rule of Evidence 702 and was Afocused specifically on the unsuitability of expert
testimony on the issue of appropriate punishment.@  Id. at 630B31. 
Moreover, the Court also appeared to suggest that a victim=s punishment recommendation may be admissible lay
testimony under Rule 701.  See id. at 631 n.22 (AMoreover, Silva was arguably qualified to give lay
opinion testimony under Rule 701 concerning appellant=s suitability for probation because she was acquainted
with appellant and had first‑hand knowledge of the commission of the
offense.@).  For this reason, we express no opinion concerning
whether counsel=s question to Officer Morgan sought inadmissible
testimony.