AFFIRM; Opinion issued October 31, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---
### No. 05-11-00348-CR
---

### JOSE LUIS RODRIGUEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause No. F10-52026-J**

---

## OPINION

Before Justices Bridges, Richter, and Lang
Opinion By Justice Richter

Appellant was convicted of aggravated sexual assault of a child and the court sentenced him to twenty years' imprisonment. In a single issue on appeal, appellant asserts the trial court erred in allowing victim impact testimony during the punishment phase of trial. Finding no reversible error, we affirm the trial court's judgment.

During the guilt/innocence phase of trial, appellant's daughter testified that she had a strained relationship with her father and he raped her approximately six times between the ages of five and thirteen. At the sentencing phase of trial, the prosecutor asked the victim how the offense had affected her life, from the moment it happened until the present.

Defense counsel objected, and the trial court sustained the objection. The following exchange then occurred:

> **PROSECUTOR**: Ms. Velez, has this-- the sexual incidences with your father, has it affected your life?
>
> **DEFENSE COUNSEL**: Again, your Honor, I'd object to victim impact testimony.
>
> **THE COURT**: Objection overruled. I'll allow some-- testimony.
>
> **PROSECUTOR**: Has what happened to you as a child affected your family today?
>
> **WITNESS**: Yes
>
> **DEFENSE COUNSEL**: Your Honor, getting out of--again, we're moving into victim impact testimony and I would object.
>
> **THE COURT**: Objection overruled.

After the trial judge overruled the objection, the witness testified about her need for ongoing therapy, nightmares, tension between family members, and how appellant's action affected her love-life, including her failing marriage. Appellant argues that the trial court abused it discretion in allowing the testimony because it constitutes impermissible victim impact testimony in violation of TEX. CODE CRIM. PROC. ANN. art. 42.03 § 1 (b) (West 2006). We disagree.

Article 42.03 pertains to post-sentence victim-impact statements. *Id.* Such post-sentence statements can include a person's views about the offense, the defendant, and the effect on the victim. *See id.* The statements are unsworn and are not transcribed by the court reporter. *See id.* As appellant correctly observes, courts have recognized that the Legislature

provided for these types of statements to be made only after sentencing to alleviate any risk that the statements would affect the partiality of the court during the punishment phase of trial. *See Johnson v. State*, 286 S.W.3d 346, 349 (Tex. Crim. App. 2009); *Aldrich v. State*, 296 S.W.3d 225, 259 (Tex. App.—Fort Worth 2009, pet ref'd).

But while article 42.03 does not authorize the use of an unsworn victim-impact statement presented before sentencing, it also does not prohibit the admissibility and consideration of relevant victim-impact testimony prior to sentencing during the punishment phase of the trial. *See Brown v. State,* 875 S.W.2d 38, 40 (Tex. App.—Austin 1994, no pet.); *Jagaroo v. State,* 180 S.W.3d 793, 799 (Tex. App.—Houston[14th Dist.] 2005, pet. ref'd). As the United States Supreme Court has observed, evidence of the impact of an offense on the life of the victim and others can be introduced at the punishment phase of a criminal trial as a way of informing "the sentencing authority about the specific harm caused by the crime in question." *Payne v. Tennessee,* 501 U.S. 808, 825 (1991); *see also Haley v. State,* 173 S.W.3d 510, 517 (Tex. Crim. App. 2005); *Stavinoha v. State,* 808 S.W.2d 76, 79 (Tex. Crim. App. 1991) (holding relevant victim impact evidence may include physical, psychological, or economic effects of a crime on victim or victim's family). To be admissible the evidence must have "some bearing on the defendant's personal responsibility and moral culpability." *Haley,* 173 S.W.3d at 517; *Salazar v. State*, 90 S.W.3d 330, 335 (Tex. Crim. App. 2002). Article 37.07 of the Texas Code of Criminal Procedure grants the trial court broad discretion to admit evidence the court deems relevant to sentencing. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07§ 3 (a)(1) (West Supp. 2011). Evidence may be deemed relevant if the defendant

should have anticipated the particular effect of the offense on the victim or the victim's family. *See Moreno v. State*, 38 S.W.3d 774, 777 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

In the instant case, the prosecutor's questions elicited testimony about the harm to the victim and her family occasioned by the offense .Unlike a unsworn, unrecorded statement under article 42.03, the victim's sworn testimony was subject to cross-examination. On this record, the trial court could reasonably deem the testimony relevant to appellant's personal responsibility and moral culpability, and appellant could reasonably anticipate that raping his daughter would have a traumatic impact on family dynamics. Therefore, we cannot conclude the trial court abused its discretion in allowing the victim's sworn testimony about the emotional and psychological harm she suffered as a result of appellant's actions.

Appellant's sole issue is overruled. The judgment of the trial court is affirmed.

MARTIN RICHTER
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

110348F.U05

—4—



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JOSE LUIS RODRIGUEZ, Appellant

No. 05-11-00348-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 3 of Dallas County, Texas. (Tr.Ct.No. F10-52026-J).
Opinion delivered by Justice Richter, Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 31, 2012.

MARTIN RICHTER
JUSTICE