Ramon PEREIDA, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–354–CR.

Court of Appeals of Texas, Corpus Christi.

March 21, 1985.

John Flinn, Sinton, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction for the offense of attempted murder. The case was tried before a jury, and the trial court assessed punishment at fifty years in the Texas Department of Corrections.

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by advancing contentions which counsel asserts may arguably support the appeal. *See High v. State*, 573 S.W.2d 807 (Tex.Crim.App.1978); *Currie v. State*, 516 S.W.2d 684 (Tex.Crim. App.1974); *Jackson v. State*, 485 S.W.2d 553 (Tex.Crim.App.1972); *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App.1969). Appellant's counsel attached to his brief a letter in which he informed appellant that he had forwarded a copy of the brief to appellant and informed appellant of his right to examine the appellate record and file a pro se brief. Appellant has not filed a pro se brief in this case.

■ Counsel first contends that an arguable ground of error might be that the trial court erred by overruling appellant's motion for instructed verdict. However, counsel asserts that the testimony of appellant's wife contains all of the elements necessary to prove the offenses alleged in the indictment. The indictment charges the appellant with aggravated assault under TEX. PENAL CODE ANN. § 22.02 (Vernon Supp.1985) and with attempted murder under TEX.PENAL CODE ANN. § 15.01 (Vernon Supp.1985) and TEX.PENAL CODE ANN. § 19.02 (Vernon 1974).

The victim, appellant's wife, was the only witness to testify on behalf of the State. At trial, she testified that, on May 2, 1984, her husband entered her place of employment in Gregory, Texas, in San Patricio County and shot her five times with a .38 caliber pistol which belonged to them. She said that, when she saw him pull the gun from his pants, she begged him not to kill

her. According to Mrs. Pereida, she was shot in the hand, the mouth, the head and the lung. One shot, which shattered her spinal cord, has rendered her unable to walk. Her testimony, without doubt, contained all of the elements necessary to prove the offenses alleged in the indictment.

■ Appellate counsel next offers as a possible ground of error the action of the trial court in continuing the trial without the presence of the twelfth juror. At trial, the court indicated on the record that, prior to beginning final argument of the case, one of the jurors, Diana Torres, was involved in an automobile accident in Sinton, Texas. An objection to continuing the trial without her was made by appellant. The State called Terry Simpson, Deputy Sheriff in San Patricio County, who saw the juror in an ambulance. He said that, from his observation of the juror's vehicle at the scene and discussions with the ambulance attendant, it appeared that the juror had suffered hip, back and neck injuries. After Simpson's testimony, the court proceeded with eleven jurors. The standard utilized by us in determining whether the trial court reversibly erred in excusing a juror under TEX.CODE CRIM.PROC.ANN. art. 36.29 (Vernon Supp.1985) is whether the trial court abused its discretion. *Allen v. State,* 536 S.W.2d 364 (Tex.Crim.App.1976). Under the circumstances presented here, we agree with appellate counsel that no clear abuse of discretion was shown.

■ The third arguable ground of error presented is whether the trial court erred in failing to submit appellant's requested charge on attempted voluntary manslaughter. Appellant was indicted for aggravated assault and attempted murder. He was convicted of attempted murder. Unless there was evidence of sudden passion in the case, voluntary manslaughter cannot be considered a lesser included offense of murder. *Bradley v. State,* 688 S.W.2d 847 (Tex.Crim.App., 1985). We have reviewed the evidence in this case and conclude that there was no evidence of sudden passion arising from an adequate

cause at the time of the offense. A charge on voluntary manslaughter was not raised by the evidence. *See Luck v. State,* 588 S.W.2d 371 (Tex.Crim.App.1979). We agree with appellate counsel that this potential ground of error asserts no basis for reversible error.

■ In the fourth arguable ground of error, appellate counsel suggests that the trial court may have erred during the punishment phase of trial in allowing the prosecutor to elicit testimony from the Honorable John H. Miller, appellant's counsel at a former trial. Miller testified that he had represented appellant in a former case. He testified that he was present in the courtroom the day the jury returned a verdict of guilty. He identified appellant as the same individual he had represented in that case. The attorney-client privilege is statutorily embodied in TEX.CODE CRIM.PROC. ANN. art. 38.10 (Vernon Supp.1985). It mandates that confidential communications between attorney and client will not be disclosed without the client's consent. We have reviewed the testimony of Miller and agree that no communication between him and appellant was revealed, nor were any facts disclosed which came to Miller's knowledge because of a confidential attorney-client relationship. We agree with appellate counsel that this potential ground of error is frivolous.

■ Finally, appellant brings forward the argument that the trial court erred in considering a "hearsay presentence report" before punishment was assessed. The trial court did not inspect the presentence report until after appellant had been found guilty by the jury. We find no error was committed by the trial court in this regard. *See Jackson v. State,* 680 S.W.2d 809, 812 at n. 3 (Tex.Crim.App.1984); *State ex rel. Turner v. McDonald,* 676 S.W.2d 375 (Tex.Crim. App.1984).

The judgment of the trial court is AFFIRMED.