Vincent HUGHES, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–89–331–CR.

Court of Appeals of Texas,
Corpus Christi.

March 29, 1990.

Wesley E. Wright, Houston, for appellant.

John D. Holmes, John M. Bradley, Houston, for appellee.

Before NYE, C.J., and KENNEDY and UTTER, JJ.

## OPINION

KENNEDY, Justice.

A jury found appellant guilty of aggravated robbery and assessed his punishment, enhanced by two prior felony convictions, at 60 years' confinement in the Texas Department of Corrections. The jury also made an affirmative finding regarding appellant's use of a deadly weapon during the offense. With four points of error, appellant challenges his conviction. We affirm the judgment of the trial court.

By his third and fourth points of error, appellant challenges the sufficiency of the evidence. Specifically, he contends that the evidence is insufficient to show (1) that the knife displayed during the robbery was a deadly weapon and (2) that he was the person who committed the offense. When reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or the judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). The facts of the present case, in the light most favorable to the jury's verdict, follow.

The complainant, Mr. Umer, testified that on June 20, 1988, at 2:00 a.m., he left his apartment to go eat breakfast. After leaving the restaurant, he decided to drive around Houston for a while and became lost. Umer was stopped by a woman asking for help, and he offered to give her a ride. After riding a couple of blocks, the woman directed Umer to a side street and told him to stop. The woman, apparently a prostitute, asked Umer for money. When he refused, she began to reach for his wallet which was in his back pocket. Suddenly, a black male appeared at Umer's open driver's side window. Umer identified the black male, initially at a pretrial line-up and again during trial, as appellant. Appellant took a knife from his back pocket, placed it near Umer's upper arm, and told Umer to give the woman money. When Umer refused, appellant opened the car door and dragged Umer from the car. While threatening Umer with the knife, appellant took Umer's wallet and searched him, ripping Umer's pockets and pants. Appellant and the woman then left in Umer's car.

Shortly thereafter, Umer flagged down Sergeant Haney, a Houston Police Officer. Haney and Umer returned to the scene and found the knife, an eight inch metal dinner knife with a serrated tip. The knife was admitted into evidence at trial.

Two hours later, appellant was seen driving Umer's car. After a short chase, the police apprehended appellant. At the jail, the police searched appellant and found Umer's wallet. Within six hours of the offense, Umer identified appellant in a line-up.

By point three, appellant contends that the evidence is insufficient to show that the knife used against the complainant was a deadly weapon. While it is true that a knife is not a deadly weapon per se, the State can prove a particular knife to be a deadly weapon by showing its size, shape, sharpness, the manner of its use or intended use, and its capacity to produce death or serious bodily injury. *See McElroy v. State*, 528 S.W.2d 831, 833–34 (Tex.Crim. App.1975); *Williams v. State*, 732 S.W.2d 777, 778 (Tex.App.—Corpus Christi 1987, no pet.). Given the circumstances of the offense and the fact that the knife was introduced into evidence, a rational jury could have found beyond a reasonable doubt that appellant exhibited a deadly weapon. *See Williams*, 732 S.W.2d at 779

(where the evidence was sufficient to show that a butter knife was a deadly weapon); *Cf. Davidson v. State,* 602 S.W.2d 272, 274 (Tex.Crim.App.1980) (where the knife was not introduced into evidence). Furthermore, the State introduced the expert testimony of two police officers, concluding that the knife was a deadly weapon. *See Davidson,* 602 S.W.2d at 273. Point three is overruled.

■ By point four, appellant claims that the evidence is insufficient to show that he is the same person who committed the offense. The jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to their testimony. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). Furthermore, the jury sitting as the trier of fact may accept or reject any or all of the testimony adduced. *Johnson v. State,* 673 S.W.2d 190, 196 (Tex.Crim.App.1984); *Westfall v. State,* 663 S.W.2d 664, 666 (Tex. App.—Corpus Christi 1983, pet. ref'd).

As stated earlier, (1) Umer identified appellant twice; (2) appellant was "caught" driving Umer's car, and (3) appellant had Umer's wallet in his pants when he was arrested. Having reviewed the entire record, we believe that sufficient evidence exists for the jury to have found that appellant was the person who committed the offense. Point four is overruled.

Appellant, by his first point of error, contends that the trial court erroneously dismissed a juror, leaving the remaining eleven jurors to render the verdict. Prior to reading the guilt/innocence charge to the jury, the trial court noted that one member of the jury, Ms. Womack, had informed the bailiff that she was not feeling well and was not sure if she would be able to sit through the remainder of trial. Outside of the jury's presence, the trial court conducted a hearing to determine whether Womack should be excused. Womack stated that she felt queasy, had headaches, and had vomited earlier. She repeated to the Court that she did not know if she would be able to make it through the rest of the trial. Womack then excused herself, going

to the restroom to vomit. The trial court expressly stated for the record that Womack exhibited signs of illness while listening to the last witness' testimony—her eyes were closed, her head was propped up by her hand, and she looked as if she was "in distress." Womack further stated to the trial court that she had heard all of the testimony but did not know if she could render a fair and impartial verdict. She stated that it might be possible for her to continue, but it would be "kind of interrupted." The trial court concluded that Womack was disabled within the meaning of Tex.Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp.1990) which provides, in pertinent part:

> [W]hen pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict. . . .

■ A trial court's decision to excuse a juror disabled within the meaning of article 36.29 will be upheld absent an abuse of discretion. *Griffin v. State,* 486 S.W.2d 948, 951 (Tex.Crim.App.1972); *Pereida v. State,* 694 S.W.2d 371, 373 (Tex.App.—Corpus Christi 1985, no pet.); *see also Carrillo v. State,* 597 S.W.2d 769, 770–71 (Tex.Crim. App.1980). "Disabled," as used in article 36.29, means any condition that inhibits the juror from fully and fairly performing the functions of a juror. *Griffin,* 486 S.W.2d at 951.

■ The trial court's conclusion that Womack was disabled under article 36.29 was supported by the facts. *See Allen v. State,* 536 S.W.2d 364, 366–67 (Tex.Crim. App.1976) (juror properly excused when showing signs of the flu). Furthermore, after the trial court dismissed Womack, appellant objected to the court's ruling but failed to state any grounds for his objection. Error is not preserved in the absence of a timely and *specific* objection. *See Green v. State,* 682 S.W.2d 271, 275 (Tex. Crim.App.1984), *cert. denied,* 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985); *Edwards v. State,* 660 S.W.2d 622, 626 (Tex.App.—Corpus Christi 1983, pet. ref'd). Nevertheless, we find no abuse of the trial court's discretion. Point one is overruled.

By his second point of error, appellant argues that the trial court erred by preventing the defense, during the punishment phase of trial, from eliciting the complainant's opinion of an appropriate sentence for appellant. A nonexpert witness' opinion on the proper term of confinement for a defendant may be properly excluded under Texas Rule of Criminal Evidence 701. *Gross v. State*, 730 S.W.2d 104, 105–06 (Tex.App.—Texarkana 1987, no pet.). Rule 701 provides:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

In the present case, Mr. Umer's testimony was not relevant to the jury's evaluation of the facts of the case in assessing a proper punishment. He had no more expertise for suggesting the proper punishment than any member of the jury. *See Sattiewhite v. State*, 786 S.W.2d 271 (Tex.Crim.App. 1989); *Gross*, 730 S.W.2d at 106. The argument that a witness may recommend a particular punishment to the trier of fact has been soundly rejected. *Sattiewhite*, at 290.

Moreover, the Court of Criminal Appeals has expressly disapproved of "escalating battle[s] of the experts" during the punishment phase of trial. *See Brown v. State*, 741 S.W.2d 453, 455 (Tex.Crim.App.1987). We believe that admitting nonexpert witness opinions during the punishment phase is likely to lead to escalating battles of (in this case) nonexperts, as the State could have followed Umer's testimony with the testimony of the arresting officers regarding their opinions of punishment. Point two is overruled, and the judgment of the trial court is AFFIRMED.

UTTER, J., not participating.