NO. 07-11-0211-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 23, 2012

_____

NINA SUE JOHNSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 4455; HONORABLE STUART MESSER, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK,  JJ.

Nina Sue Johnson (appellant) appeals her conviction for driving while intoxicated, a third degree felony.  Through a single issue, she contends that the trial court erred by allowing the trial to continue to verdict with only eleven jurors.  We affirm.

## *Background*

Trial had begun when during the first day, a juror became ill and was taken to the hospital.  The trial was adjourned until the next day when the trial court made the following announcement and ruling:

THE COURT: We have a situation. We're on the record, outside the presence of the jury. Yesterday, a juror became ill during a bench conference during the trial, was taken to the hospital, was kept in the hospital for several hours, was released last night but is still ill this morning and did not show up. Our information we have is that she has food poisoning. Now, I do not know whether that is something where she will be able to serve tomorrow or not. Now, pursuant to 3629, we can proceed with 11, if the jurors are willing to sign each individually on the verdict form. What I am proposing to do is to explain our options to the jury, basically, that we can either proceed today with 11, if each one of them are willing. We can wait until in the morning and see if the other juror is available, after having a day to recover, or whether we proceed in the morning with 11 if they are willing to. Now, I propose we bring them in, we put them in the box, and I explain this situation to them, let them go back to the jury room to think about it for just a minute, and bring them back in here and see what they think. Mr. Inman, what do you think of that procedure?

MR. INMAN: Your Honor, I agree with it. And going to 3629(a) on the language, that it says the remainder of the jury shall have the power to render the verdict, but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurrent in it. I think that's following the statutory mandate. And, also, there's a case, Hill versus State, 90 Southwest 3(d), 308, on Page 315. I haven't read this case in its entirety, but it's the Texas Criminal Court of Appeals from 2002. It discusses: When we conclude that proceeding to trial with 11 jurors was not just and an available alternative when a juror becomes disabled, there was a mandatory alternative under our constitutional statutory and case law. Regardless of Defendant's consent, the Judge was required to proceed to trial with 11 jurors. I think we followed what you just set out, that procedure. So I think with that reading -- and I haven't read that entire case, but it might be mandatory that we do seek the remaining jurors' opinions.

THE COURT: Mr. Spriggs, what's your position?

MR. RONALD SPRIGGS: Your Honor, of course, we're objecting to proceeding with 11 jurors; however, the procedure you just mentioned, I think, would be the best.

THE COURT: All right. Bring them in.

2

The trial court, then, explained to the remaining jurors the situation and that they would all have to agree to sign the verdict form. It then questioned each of the eleven jurors and each stated that they would proceed to a verdict with eleven and sign the form.

### *Standard of Review and Analysis*

Article 36.29 of the Texas Code of Criminal Procedure, entitled "If A Juror Dies or Becomes Disabled," provides that if "after the trial of any felony case begins and a juror dies or, as determined by the judge, becomes disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it." TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West 2006). A juror is disabled only when he is physically, emotionally, or mentally impaired in some way that hinders his ability to perform the duties of a juror. *See Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App.1999); *see also Ricketts v. State*, 89 S.W.3d 312, 318 (Tex. App.–Fort Worth 2002, pet. ref'd). The disabling condition may result from physical illness, mental condition, or emotional state. *Reyes v. State*, 30 S.W.3d 409, 411 (Tex. Crim. App. 2000); *Ricketts v. State,* 89 S.W.3d at 318. Whether a juror is disabled is within the sole discretion of the trial court; therefore, we review this issue under an abuse-of-discretion standard. *Routier v. State*, 112 S.W.3d 554, 588 (Tex. Crim. App. 2003).

Here appellant contends that the trial court abused its discretion in allowing the trial to continue because the sick juror was not disabled according to article 36.29(a) of the Texas Code of Criminal Procedure. This is so because there was "no testimony,

3

documentation or any other independent evidence" that showed the juror was "disabled from sitting." Nor was the possibility of a "tolerable delay" in the trial explored. In *Moore v. State*, 82 S.W.3d 399 (Tex. App.–Austin 2002, pet. ref'd), the Austin Court addressed whether "a stomach ailment is insufficient to render a juror disabled because such an illness is temporary." *Id.* at 406. Noting that other courts have upheld disability findings in cases where jurors "complained of other temporary illnesses that impaired their ability to perform the functions of a juror," the Austin Court held: "[a] juror's inability to come to the courthouse due to a severe gastrointestinal ailment provides some evidence of the requisite incapacity from performing the duties assigned to that juror that the trial court may consider in making a determination of disability. Although a stomach ailment is only temporary, it remains within the trial court's discretion to determine whether this juror had become disabled." *Id.* at 406-07; *see Hughes v. State*, 787 S.W.2d 193, 195 (Tex. App.–Corpus Christi 1990, writ ref'd) (juror suffered from nausea, headaches, and vomiting); *see also Routier v. State,* 112 S.W.3d at 588 (juror suffered from the flu).

Here, the juror suffered from food poisoning that caused vomiting and a visit to the hospital. That such an illness is of a temporary nature does not preclude a finding of disability. *See Routier v. State*, 112 S.W.3d at 588; *see also Moore v. State*, 82 S.W.3d at 407; *Hughes v. State*, 787 S.W.2d at 195. We cannot say that the trial court abused its discretion by declaring the juror disabled and proceeding with eleven jurors. We overrule appellant's sole issue.

Accordingly, we affirm the judgment of the trial court.


Per Curiam

Do not publish.

4