PD-0884-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/15/2015 4:09:00 PM
Accepted 7/17/2015 2:13:06 PM
ABEL ACOSTA
CLERK

NO. _____

Court of Appeals No. 02-14-00472-CR

TO THE
COURT OF CRIMINAL APPEALS
OF TEXAS

JERMAINE EUGENE WHATLEY
Petitioner,

V.

THE STATE OF TEXAS,
Appellee.

PETITION FOR DISCRETIONARY REVIEW

Paul Francis
State Bar No.  07359600
P.O. Box 13369
1178 West Pioneer Parkway
Arlington TX 76013-6367
(817) 543-2600 Telephone
(817) 549-7098 Facsimile
pfrancis@birch.net E-mail

ATTORNEY FOR PETITIONER,
JERMAINE EUGENE WHATLEY

FILED IN
COURT OF CRIMINAL APPEALS

July 17, 2015

ABEL ACOSTA, CLERK

# IDENTITY OF TRIAL JUDGE, PARTIES TO JUDGMENT OR ORDER, AND COUNSEL

TRIAL JUDGE:

The Honorable Ruben Gonzalez, Jr., judge of the 432nd District Court of Tarrant County, Texas

APPELLANT:

Jermaine Eugene Whatley

COURT APPOINTED
COUNSEL ON APPEAL:

Paul Francis
1178 W. Pioneer Parkway
Arlington TX 76013

COUNSEL AT TRIAL:

George Dewayne Huston
THE HUSTON FIRM, P.C.
100 East 15th Street, Ste 620
Fort Worth, Texas  76102

APPELLEE:

The State of Texas

COUNSEL ON APPEAL:

Debra Windsor
Assistant District Attorney
Tarrant County Justice Center
401 W. Belknap
Fort Worth TX 76196-0001

COUNSEL AT TRIAL:

Kimberly D'avignon
Tarrant County Justice Center
401 W. Belknap
Fort Worth TX 76196-0001

# TABLE OF CONTENTS

IDENTITY OF TRIAL JUDGE, PARTIES TO JUDGMENT OR
ORDER, AND COUNSEL ......................................................................ii

TABLE OF CONTENTS ......................................................................iii

INDEX OF AUTHORITIES ................................................................. iv

STATEMENT REGARDING ORAL ARGUMENT ................................... 1

STATEMENT OF THE CASE................................................................ 1

STATEMENT OF PROCEDURAL HISTORY ...........................................2

GROUNDS FOR REVIEW (ISSUES) .....................................................2

The court of appeals failed to correctly apply the law when it held that the trial court did not fail to consider the full range of punishment when the thrust of the state's evidence and argument was that the court should sentence the appellant to prison because the complaining witness wanted that particular punishment and the trial court participated in and followed such recommendation.

ARGUMENT ...................................................................................... 3

PRAYER FOR RELIEF ...................................................................... 11

CERTIFICATE OF COMPLIANCE (word count) .................................. 12

CERTIFICATE OF SERVICE…………………………………….............. 12

APPENDIX ...................................................................................... 13

# INDEX OF AUTHORITIES

**Cases**

*Cardenas v. State*, 325 S.W.3d 179 (Tex. Crim. App. 2010)..........................10

*Ellison v. State*, 201 S.W.3d 714 (Tex. Crim. App. 2006) ........................4

*Ex parte Brown*, 158 S.W.3d 449 (Tex.Crim.App.2005) ................................9

*Fryer v. State*, 68 S.W.3d 628 (Tex. Crim. App. 2002) ............................8

*Grado v. State*, 445 S.W.3d 736 (Tex. Crim. App. 2014)........................9

*Gross v. State,* 730 S.W.2d 104 (Tex.App.-Texarkana 1987, no pet.) ...........5

*Hayden v. State,* 296 S.W.3d 549 (Tex.Crim.App.2009)................................4

*Hughes v. State,* 787 S.W.2d 193 (Tex.App.—Corpus Christi 1990, pet. ref'd) ...............................................................................................5

*Johnson v. State,* 987 S.W.2d 79 (Tex.App.-Houston [14th Dist.] 1998, pet. ref'd) ...............................................................................................5

*Sanchez v. State*, 989 S.W.2d 409 (Tex. App.—San Antonio 1999, no pet.) ..9

*Sattiewhite v. State,* 786 S.W.2d 271 (Tex.Crim.App.1989), *cert. denied,* 498 U.S. 881, 111 S.Ct. 226, 112 L.Ed.2d 181 (1990)............................5

*Simpson v. State*, 119 S.W.3d 262 (Tex. Crim. App. 2003) ...........................5

*Taylor v. State*, 109 S.W.3d 443 (Tex. Crim. App. 2003)..........................5

*Teixeira v. State*, 89 S.W.3d 190 (Tex.App.-Texarkana 2002, pet. ref'd) .......9

*Wright v. State,* 962 S.W.2d 661 (Tex.App.-Fort Worth 1998, no pet.) .........5

**Statutes**

Tex.Code Crime. Proc. art. 37.07, § 3(a)(1) .......................................4

**Rules**

Tex.R.App.P. 66.3(b) .................................................................3

NO. _____

TO THE
COURT OF CRIMINAL APPEALS
OF TEXAS

JERMAINE EUGENE WHATLEY
Petitioner

V.

THE STATE OF TEXAS
Appellee

## PETITION FOR DISCRETIONARY REVIEW

To the Honorable Court of Criminal Appeals of Texas:

Petitioner, Jermaine Eugene Whatley, submits this petition for discretionary review and requests that the Court consider the following issues:

## I.

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner waives oral argument unless the state is granted oral argument.

## II.

## STATEMENT OF THE CASE

APPELLANT, Jermaine Eugene Whatley, was indicted for Aggravated Assault with a Deadly Weapon. (CR 5) He entered a plea of guilty to the

1

indictment with no recommendation as to punishment. (CR- 34-41) The court convicted Appellant of Aggravated Assault with a Deadly Weapon, ordered a pre-sentence investigation, and held a hearing on punishment on November 14, 2014. (RR 1) The court assessed punishment at 15 years TDC. (CR 45, RR 47)

## III.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals assigned case number 02-14-00472-CR. The judgment (and opinion) of the Court of Appeals affirming the trial court was issued April 23, 2015. Following a motion for rehearing the court of appeals issued a new opinion May 28, 2015 affirming the judgment. A copy of the judgment and opinion is attached as an Appendix to this Petition. The most recent Motion for Rehearing was overruled on June 18, 2015.

## IV.

## GROUNDS FOR REVIEW

1. The court of appeals failed to correctly apply the law when it held that the trial court did not fail to consider the full range of punishment when the thrust of the state's evidence and argument was that the court should sentence the appellant to prison because the complaining witness wanted that

particular punishment and the trial court participated in and followed such recommendation.

The court of appeals has decided an important question of state law that has not been, but should be, settled by the Court of Criminal Appeals. Tex.R.App.P. 66.3(b)   The question is whether and when the trial court's consideration of inadmissible evidence on punishment at the request of the state impacting the sentencing decision constitutes a failure to consider the full range of punishment.

**The Questions for Review:**

1.    Does the trial court's development and consideration of inadmissible evidence on punishment impacting the sentencing decision, i.e., the wishes of the complaining witness, constitute a failure to consider the full range of punishment?

## V.

## ARGUMENT

**The trial Court Punishment Hearing**

The petitioner sought probation. (RR 4, CR 40)   The complaining witness[1] testified at the punishment hearing. (RR 6-30)   Following the hearing the court sentenced the defendant to 15 years in prison, only 5 years

---

1 She will be referred to as AB for privacy purposes.

3

short of the maximum sentence. (RR 47, CR 45) In summary, according to the complainant the appellant had not been an alcohol or drug user, or acted violently towards her or anyone else, until the two incidents in January, 2014. (RR 19) The appellant has been a good father to their son. (RR 21) He just snapped. The acts of violence were totally out of character for the appellant. (RR 22) She said he is a good person, and that everything just came together to make him commit the act. (RR 24)

**The Law**

During punishment, evidence may be offered on matters the trial court deems relevant to sentencing. Tex.Code Crime. Proc. art. 37.07, § 3(a)(1). Relevant evidence in the punishment phase is helpful to the factfinder in determining the appropriate sentence for a particular defendant in light of the facts of the case. *Hayden v. State,* 296 S.W.3d 549, 552 (Tex.Crim.App.2009).

Although the trial court has great discretion generally in considering evidence for purposes of punishment decisions, the determination of what is relevant is a policy decision. *Ellison v. State*, 201 S.W.3d 714, 719 (Tex. Crim. App. 2006)

As a matter of public policy a witness may not recommend a particular punishment to the trier of fact. *See Sattiewhite v. State,* 786 S.W.2d 271,

290 (Tex.Crim.App.1989), *cert. denied,* 498 U.S. 881, 111 S.Ct. 226, 112 L.Ed.2d 181 (1990); *see also Hughes v. State,* 787 S.W.2d 193, 196 (Tex.App.—Corpus Christi 1990, pet. ref'd); *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003) ("The wishes of the victim's family members as to the defendant's fate fall beyond the parameters of victim-impact evidence and are not admissible.")[2]

A victim's testimony regarding what punishment should be assessed should be excluded from evidence. *Wright v. State,* 962 S.W.2d 661, 663 (Tex.App.-Fort Worth 1998, no pet.) (holding testimony was not relevant to jury's punishment determination); *Hughes v. State,* 787 S.W.2d 193, 196 (Tex.App.-Corpus Christi 1990, pet. ref'd) (same); *Gross v. State,* 730 S.W.2d 104, 105–06 (Tex.App.-Texarkana 1987, no pet.);  *Johnson v. State,* 987 S.W.2d 79, 87 (Tex.App.-Houston [14th Dist.] 1998, pet. ref'd)

**The Record**

During the course of her testimony the complaining witness expressed her desire that the appellant not be granted probation, but be put "somewhere else" meaning prison. (RR 25-26)  The trial judge quizzed the victim on her desires as to the punishment to be meted out to the appellant

---

2 Although not admissible, there is no constitutional prohibition against a witness expressing a desire for leniency. *Taylor v. State*, 109 S.W.3d 443, 451 (Tex. Crim. App. 2003)

(RR 28) and her reluctance to state it bluntly for fear that she would have to explain her recommendation to his child at a later date. The state expressly based its closing argument on this request and her concerns and the trial court, took pains to divert the blame from the victim to the court in making the punishment she had sought. (RR 47)

The judge not only did not disregard her punishment recommendation, but at RR 28 had the following exchange with the complainant:

THE COURT: All right. It weighs heavily on you making a recommendation in terms of the sentencing, correct?

THE WITNESS: Correct.

THE COURT: And that you have to be facing those children, the knowledge that you're the one that made the recommendation?

THE WITNESS: Yes. That -- that's what weighs most heavily for me.

THE COURT: All right. You understand that's my responsibility?

THE WITNESS: Yes.

THE COURT: Okay.

THE WITNESS: And that's why I look to you for you to...

6

At that point the record trails off and the court asked another question. From the context it is clear the witness was asking the judge to follow her recommendation of prison, but give her cover with her child.

The trial court did not instruct the witness to refrain from giving recommendations.

The state continued its theme that the court should be guided by the desires of the witness. In closing the state, referring to the victim's testimony recommending prison said "And as this Court is aware, women who are put in this position are necessarily put in a position where some day they're going to have to explain to their children what happened." (RR 41)
"And AB told you right here that that is really where her heart is bleeding right now. She doesn't know how to say to this Court, Please, I need help, I am scared, I need protection, and justify that to her children later. And that's why the system is set up like this, because it shouldn't be her job to say, I sent him to prison. It's the Court's job to say, We can't trust you out there, we're going to take you at your word that you're violent when you commit an act like this." (RR 41-42) And at RR 43 "…we are asking for 20 years because that's the most we can get for protection."

Continuing with her emotional plea to the court to follow the wishes of the witness "And so it becomes our job to say we're going to give you some peace, we're going to give you some safety." RR 42-43

According to the state's argument it becomes the court's job to follow the desire of the witness to have the appellant imprisoned but to do it in a way that she can deny to her children that she had anything to do with it.

Her testimony is in marked contrast to her statement in the PSI at page 5 that she had no recommendation as to punishment.[3]

The court of appeals denied there was proof of failure to consider the full range of punishment by following the wishes of the complaining witness, stating that "The trial judge clearly stated on the record that he was taking into account the matters described in the PSI as well as the circumstances of the offense in making his decision."  (Page 3 of Opinion)

However this conclusion is undercut by the record which indicates that the state itself urged the trial court to follow the wishes of the complainant. See RR 41-43.    After having specifically presented evidence and argument to the court to put the defendant in prison at the request of the complainant, the recitation by the court that it considered the PSI (Opinion page 3, RR 46-

---

3 Had she made such a statement in the PSI it would have been admissible solely in that format. See *Fryer v. State*, 68 S.W.3d 628, 631 (Tex. Crim. App. 2002)

47) does not cure the damage done or indicate the state's very asseverations had no effect. In fact, the mention in the court's recitation that "it is not AB responsibility to sentence you; it's mine" at RR 46 indicates how deeply enmeshed her involvement was in the court's decision. Why would the court feel compelled to even make such a comment in the absence of the overriding influence her testimony had?

Failure to consider the full range of punishment is a violation of defendant's due process rights. See *Sanchez v. State*, 989 S.W.2d 409, 411 (Tex. App.—San Antonio 1999, no pet.) Consideration of the full range of punishment is also an independent duty of the trial court, regardless of lack of objection by the defendant. See *Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014) ["The unfettered right to be sentenced by a sentencing judge who <u>properly</u> considers the entire range of punishment is a substantive right necessary to effectuate the proper functioning of our criminal justice system."] (Emphasis added)

A court denies due process of law and due course of law when it arbitrarily refuses to consider the full range of punishment for an offense or refuses to consider the evidence and imposes a predetermined sentence. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex.Crim.App.2005); *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex.App.-Texarkana 2002, pet. ref'd). Finders of fact,

9

whether trial judges or juries, must consider the full range of punishment. *Cardenas v. State*, 325 S.W.3d 179, 184 (Tex. Crim. App. 2010)  In fact the inability to do so is grounds to strike potential jurors. Id. at 185.  Inherent in that obligation is the responsibility of not considering incompetent evidence that has been declared by public policy to not be relevant.  Reliance on incompetent evidence is, at best, the same as relying on no evidence.  At worst it distorts the exercise by the court of its responsibility to discharge its independent duty and prevents the consideration of the full range of punishment.

Even if a pre-determined sentence has not been promised, at what point does the consideration of incompetent evidence and the state's arguments based on it, so taint the punishment process as to violate this right, thereby denying the defendant due process of law?

It is the Petitioner's position that when the state, as here, adopts the strategy of using a complaining witness as an arm of the state to advocate for a specific punishment and the witness's request for a specific punishment is developed, delved into by the trial court, and cultivated by the prosecutor who then weaves her emotional argument around such an improper request, substantial constitutional considerations are implicated and the trial court who participates and is influenced has failed to properly consider the full

10

range of punishment. The court of appeals had the obligation to recognize and correct this failure to afford the defendant due process and its failure to do so is error which should be corrected by the Court of Criminal Appeals.

## VI.

## PRAYER FOR RELIEF

Based on the above and foregoing, the Petitioner respectfully requests that the Court of Criminal Appeals, grant the Petition for Discretionary Review, and upon consideration of the case to vacate the court of appeals' judgment, find that the trial court failed to properly consider the full range of punishment as set out herein, and remand the case to the trial court for a new punishment hearing. Petitioner requests all other relief to which he is entitled.

Respectfully submitted,

Law Office of Paul Francis
P.O. Box 13369
1178 W. Pioneer Parkway
Arlington TX 76013-6367
(817) 543-2600 Telephone
(817) 549-7098 Facsimile
pfrancis@birch.net Email

By: /s/ Paul Francis
Paul Francis
State Bar No. 07359600
ATTORNEY FOR PETITIONER,
JERMAINE EUGENE WHATLEY

11

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the number of words in this document, as computed in accordance with Tex.R.App.P. 9.4(i) using the Word Count function of Microsoft Word is 1,888.

/s/ Paul Francis
Paul Francis

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing was served upon the following persons in accordance with Texas Rule of Appellate Procedure 9.5, on this July 15, 2015.

Debra Windsor
Tarrant County Justice Center
401 W. Belknap
Fort Worth TX 76196-0001

Lisa C. McMinn
State Prosecuting Attorney
P.O. Box 13046
Capitol Station
Austin, Texas 78711

/s/ Paul Francis
Paul Francis

# APPENDIX



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00472-CR

| | | |
|---|---|---|
| Jermaine Eugene Whatley | § | From the 432nd District Court |
| | § | of Tarrant County (1359834D) |
| v. | § | May 28, 2015 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT ON REHEARING

After reviewing appellant's motion for rehearing, we deny the motion, but we withdraw our April 23, 2015 opinion and judgment and substitute the following.

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00472-CR

JERMAINE EUGENE WHATLEY                                         APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

### FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1359834D

----------

## MEMORANDUM OPINION ON REHEARING[1]

----------

Having considered appellant Jermaine Eugene Whatley's motion for rehearing, we deny the motion, but we withdraw our prior opinion of April 23, 2015 and substitute the following in its place.

Jermaine Eugene Whatley brings a single point on appeal challenging his fifteen-year sentence for aggravated assault with a deadly weapon. Appellant

---

[1]*See* Tex. R. App. P. 47.4.

pled guilty pursuant to an open plea, and the trial court sentenced him after hearing evidence from the complainant and another witness and after reviewing a presentence investigation report (PSI).

Appellant complains that the trial judge improperly based his sentence on the complainant's desire that appellant not be given community supervision. He points to part of the State's closing argument as supporting this conclusion. He also complains about the State's characterizing him as a violent criminal. Although appellant did not object at trial to any of these matters, he contends that he is not complaining about these matters but instead the trial court's act of basing its punishment on the complainant's recommendation rather than the law. Recognizing that he failed to make the trial court aware of this particular complaint as well, appellant argues that he has in essence shown that the trial court did not consider the full range of punishment and that this type of argument need not be raised in the trial court to be preserved on appeal.[2] *See Grado v. State*, 445 S.W.3d 736, 739–43 (Tex. Crim. App. 2014) (holding that the right to be sentenced after consideration of the entire applicable range of punishment is

---

[2]Appellant also contends that it is not necessary to complain about a trial judge's own action in the trial court, citing Texas Rule of Appellate Procedure 33.1(c). *See* Tex. R. App. P. 33.1(c). But this rule states that a party need not file a formal exception to a trial court ruling to preserve a complaint about that ruling, nor does the ruling need to be made in a signed, separate order for a party to be able to complain about it on appeal. *Id.* In any event, the trial court must have made a ruling for the matter to be preserved, as contemplated by rule 33.1(a)(2). Tex. R. App. P. 33.1(a)(2). Here, the trial court was not given the opportunity to make a ruling on the complaint.

a category-two *Marin* right, which must be implemented unless a defendant has affirmatively, plainly, freely, and intelligently waived it).

At the conclusion of the trial, the trial judge stated,

> After considering the evidence that's been presented to the Court both in the form of the [PSI], your plea of guilty, the Court in good conscience cannot place you on probation, not under these circumstances.
>
> And it is not [the complainant's] responsibility to sentence you; it's mine. And she has to face those children, and she faces those children with scars on her caused by you. Could have taken her life.
>
> Under the circumstances, the Court hereby sentences -- finds you guilty, receives and accepts your plea, finds you guilty, finds the deadly weapon to be true, [and] sentences you to 15 years in the Institutional Division of the Texas Department of Criminal Justice.

Considering appellant's argument only to the extent of his complaint that the trial judge did not consider the entire applicable range of punishment, we conclude and hold that he has not shown that the trial court improperly failed to do so simply because the complainant indicated during her testimony that she did not want appellant placed on community supervision and the trial court subsequently did not place appellant on community supervision. The trial judge clearly stated on the record that he was taking into account the matters described in the PSI as well as the circumstances of the offense in making his decision. Moreover, the prosecutor elicited testimony from the complainant that appellant committed this offense while on probation for committing a prior assault against the complainant, a matter which the PSI officer considered a factor against the imposition of community supervision.

3

We overrule appellant's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 28, 2015